PER CURIAM.
Appellant, Mortgage Corporation of America, appeals from a final order dismissing with prejudice its amended third-party complaint against appellee, Du-B Corporation, in an action brought by Ronald Vorndran for personal injuries which he sustained while working as an employee of appellee Du-B on the construction of a building owned by the appellant.
Appellants filed an answer containing a general denial, affirmative defenses, and also a third party complaint alleging, inter alia, that appellant was only vicariously liable for the injuries which were the result of the negligence of the appellee, DuB, and that appellant would be entitled to indemnification from appellee, Du-B.
Du-B moved to dismiss appellant’s amended third party complaint on the ground that it failed to state a cause of action in that liability of the third party defendant is limited to the “exclusive remedy” concept as provided by Florida Statute 440.11. The motion was granted and the order of dismissal was entered.
It is appellant’s contention on appeal that the trial court erred in dismissing its third party complaint. We find merit in this contention and reverse. See Sunspan Engineering and Construction Company v. Spring-Lock Scaffolding Co., Fla. 1975, 310 So.2d 4; Florida East Coast Railway Company v. Rouse, Fla.1967, 194 So.2d 260.
The order appealed is reversed and remanded for further proceedings.
Reversed and remanded.