385 So.2d 1036 (1980)
MAPLE CHAIR COMPANY, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
W.S. BADCOCK CORPORATION, a Corporation Authorized to Do Business in the State of Florida, Appellee.
No. SS-39.
District Court of Appeal of Florida, First District.
June 5, 1980.
Rehearing Denied July 28, 1980.
*1037 Peter J. Kellogg, of Grissett, Humphries & Neder, Jacksonville, for appellant.
Carle A. Felton, Jr., of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellee.
LARRY G. SMITH, Judge.
Maple Chair Company appeals a summary judgment awarding attorney's fees to appellee, W.S. Badcock Corporation. Maple Chair contends that although Badcock was required to defend a products liability suit brought against them jointly by a purchaser of a defective rocking chair, which was manufactured by Maple Chair and sold by Badcock, the award of attorney's fees to Badcock on the theory of indemnification under the active-passive negligence rule was premature, since no judgment has yet been recovered by the customer against Maple Chair. We agree with this contention, and reverse.
In the customer's action against the parties, Badcock cross-claimed against Maple Chair for indemnity, based upon its allegation that since Maple Chair was the manufacturer, Maple Chair's negligence, if any, was active, whereas Badcock could be guilty only of passive negligence in that it delivered the rocking chair to the customer without removing it from the package. Badcock applied for a partial summary judgment on its cross-claim against Maple Chair, and the trial court, agreeing with Badcock's contention that its negligence, if any, was passive in nature, found that Badcock was entitled to indemnity from Maple Chair, and awarded attorney's fees, the amount to be considered at a later date. Badcock subsequently moved for and was granted a summary judgment on the claim of the plaintiff in the main suit, and its application for assessment of attorney's fees against Maple Chair was then granted by the trial court. Meanwhile, there has been no trial of the plaintiff's action against Maple Chair, and there has been no finding of a judgment of liability on the plaintiff's suit against Maple Chair.
We agree with Maple Chair's position that the two cases, Insurance Company of North America v. King, 340 So.2d 1175 (Fla. 4th DCA 1976), and Pender v. Skillcraft Industries, Inc., 358 So.2d 45 (Fla.4th DCA 1978), do not support the award of attorney's fees in this case. The distinguishing feature is that in each of those cases a judgment had been rendered against one defendant before indemnification was allowed to the other defendant. Here, Badcock has received an award of attorney's fees even though no judgment has been entered against it or Maple Chair.
The position of Maple Chair is supported by Diaz v. Western Venturers, Inc., 467 F.2d 1361 (5th Cir.1972), in which a ship repairman brought an action against a shipowner for personal injuries and lost income. The shipowner filed a third party action for indemnification against the repairman's *1038 employer. Because Diaz was unable to prove that his injuries occurred on the ship in question, the court found that the issue of whether or not there had been a breach of warranty of workmanlike performance had never been reached. The court said that if the repairman's employer were obligated to indemnify by virtue of the breach of its legal duty, such obligation would extend to the litigation expenses of the shipowner for defending the suit. However, the court held, absent a finding of breach of warranty by the repairman's employer, the employer would not be liable for expenses of the shipowner's successful defense of the personal injury action.
We disagree with Badcock's contention that it is entitled to be indemnified by recovery of attorney's fees expended in defense of the law suit, regardless of whether the injured customer ultimately recovers a judgment against Maple Chair Company. Since there is no contractual duty, either express or implied, imposing an obligation upon Maple Chair to pay Badcock's defense costs, those cases awarding attorney's fees based upon some contractual duty are inapplicable. See Pender v. Skillcraft Industries, Inc., supra. Badcock's sole basis for recovery of defense costs would be based upon the equitable principle of indemnity, which is defined as a right which enures to a person who has discharged a duty which is owed by him but which, as between himself and another, should have been discharged by the other. Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977). Badcock cites no authority in support of its contention that a manufacturer's duty to the retailer extends to the expenses of litigation where the retailer has been absolved of liability, and it has not yet been determined that the manufacturer was at fault. We know of no theory upon which it can be said that a manufacturer has a duty, absent an express contract, to insulate its retailers from unproven claims of dissatisfied customers. Finally, liability for Badcock's attorney's fees cannot be imposed upon Maple Chair by means of the summary judgment finding Badcock only passively negligent, unless and until it has been determined that Maple Chair has been guilty of the wrongful acts alleged in the suit against it.
The summary final judgment awarding attorney's fees to appellee-Badcock is reversed, and the cause is remanded.
MILLS, C.J., and SHIVERS, J., concur.