COBB, Judge.
This cause began as a foreclosure action brought by Leondres Pryon Young and Judith Eloise Young (the Youngs) against the appellees, Wilfred F. Still and Jacqueline H. Still (the Stills). While the suit was pending the Stills filed a third-party complaint for indemnification against appellant, The Estate of James F. Covington, Jr., and Flagship Bank. The trial court granted summary judgment for the Stills on the issue of liability on the indemnity claim prior to any determination that the Stills were liable in the main foreclosure proceeding. The entry of judgment against Covington on the claim of indemnity, prior to any finding of liability in favor of the plaintiff on the main claim, constitutes premature action on the part of the trial court. See Jerome Nagelbush, Inc. v. Frank J. Rooney, Inc., 342 So.2d 121 (Fla. 3d DCA 1977); see also Mitsubishi International Corp. v. Zayre Corp., 479 So.2d 877 (Fla. 3d DCA 1985); Maple Chair Company v. W.S. Badcock Corp., 385 So. 2d 1036 (Fla. 1st DCA 1980).
Accordingly, the order entered below is reversed without prejudice and subject to further proceedings pending the out *361 come of the main claim.[1]
REVERSED and REMANDED.
SHARP, C.J., and DANIEL, J., concur.

. Covington has filed a notice indicating that the estate has settled the underlying foreclosure action with the Youngs, resulting in a voluntary dismissal with prejudice of the foreclosure action. While the Stills have apparently not suffered any damages in the settlement of the claim, a remand is proper, since they may be able to allege recoverable damages below. Among the damages properly recoverable are attorney’s fees incurred in the defense of the claim indemnified against; however, it should be noted that attorney’s fees incurred in establishing the right to indemnification are not recoverable. United States Automobile Association v. Hartford Insurance Company, 468 So.2d 545, 548 (Fla. 5th DCA), petition for review denied, 476 So.2d 676 (Fla.1985); see also Snider v. Continental Insurance Company, 519 So.2d 12 (Fla. 5th DCA 1987).