528 So.2d 1371 (1988)
Molly SWARTZ, As Personal Representative of the Estate of Joseph Swartz, Individually, As Decedent's Widow, and On Behalf of Decedent's Minor Children, Appellant,
v.
Derrell O. BILLINGTON, D.O., Amisub of Florida, Inc., D/B/a Southeastern Medical Center, and the Florida Patient's Compensation Fund, Appellees.
No. 86-2243.
District Court of Appeal of Florida, Third District.
August 9, 1988.
Jerry B. Schreiber, Stuart H. Gitlitz, James D. Keegan, for appellant.
Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy E. Gallagher and Kathryn S. Pecko and Gail L. Kniskern, Parenti & Falk and Norman M. Waas, for appellees.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Molly Swartz, the widow of Joseph Swartz and the personal representative of his estate, appeals from a judgment entered on a jury verdict determining that there was no negligence on the part of the defendant Dr. Billington which was the legal *1372 cause of Mr. Swartz's death (and thus no negligence for which the defendant Southeastern Medical Center could be held responsible). The plaintiff's theory of the defendants' liability was that Billington, in attendance in the emergency room of Southeastern when Mr. Swartz was brought in, either failed to diagnose the possibility of Swartz's imminent heart attack or, alternatively, having correctly recognized this danger, permitted Swartz to leave the hospital and suffer a fatal heart attack  medically unattended  the following day.
In her effort to prove that Billington had been negligent, the plaintiff introduced into evidence Southeastern's rule which provides:
"The `Release From Responsibility For Refusal Of Treatment' or the `Release From Responsibility For Discharge' forms must be signed by any patient refusing any form of treatment, or being discharged against medical advice."
Without dispute, neither of the releases called for by the rule had been signed by Swartz or by anyone on his behalf. The trial court refused the plaintiff's request that the jury be instructed that if it found that the defendant violated its own rule mandating signing of releases, such would be evidence, but not conclusive evidence, of negligence.[1] This refusal is the subject of this appeal.[2]
In support of the trial court's ruling, the defendants argue first that even if their failure to obtain executed releases was a breach of hospital protocol, it could not possibly have caused harm to Swartz because, as the evidence shows, the sole purpose of the releases was to protect the doctor and hospital by memorializing the advice to the patient and the patient's refusal to follow the advice. However, since there is some testimony that another purpose of the releases was to impress upon the patient the gravity of the decision to leave the hospital against doctor's orders, with the hope that the solemnity that accompanies the execution of a document would make the patient change his mind, it is arguable that the failure to obtain the releases could have harmed Mr. Swartz.
The defendants next argue  and we agree  that even if the evidence is relevant as tending to prove that the defendants' negligence failed to bring home to Swartz the gravity of his decision to leave the hospital, the plaintiff was nevertheless not entitled to the requested jury instruction. In our opinion on rehearing in Steinberg v. Lomenick, (Fla. 3d DCA 1988) (Case No. 86-1167, opinion filed August 9, 1988), we held that the trial court correctly refused to instruct the jury that a violation of the defendant's own rule of conduct was evidence of negligence. We said that
"to instruct the jury, as the plaintiffs requested, that a violation of a defendant's internal rule is evidence of negligence is to give far more weight to the evidence than it deserves; evidence that the rule was violated is not evidence of negligence unless and until the jury finds ... that the internal rule represents the standard of care."
Slip opinion at 3-4 (footnote omitted).
*1373 Accordingly, the judgment of the trial court is
Affirmed.
NOTES
[1] The instruction requested by the plaintiff read:

"Violation of the hospital's own regulations is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a regulation, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent."
The instruction is a modified version of Florida Standard Jury Instruction 4.11.
[2] Although the absence of the releases may be relevant to prove that the defendant misdiagnosed the problem, the requested instruction is irrelevant to the plaintiff's theory of misdiagnosis. The rule requiring releases cannot be violated when a person because of misdiagnosis is never told that he is in need of treatment and hospitalization. This being so, the refusal to give the requested instruction can constitute error only in respect to plaintiff's theory that the doctor correctly foresaw the danger which lack of treatment and release from the hospital would pose to Swartz, but nonetheless let Swartz leave without executing the releases.