560 So.2d 1271 (1990)
AMISUB OF FLORIDA, INC., d/b/a Southeastern Medical Center, Appellant,
v.
Derrell O. BILLINGTON, D.O., Appellee.
No. 89-1003.
District Court of Appeal of Florida, Third District.
April 17, 1990.
Rehearing Denied June 6, 1990.
Parenti & Falk and Norman M. Waas, for appellant.
Kubicki, Draper, Gallagher & McGrane and Betsy Gallagher, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Molly Swartz brought a malpractice action against Dr. Billington and, solely under the doctrine of respondeat superior, against the hospital at which the doctor worked, Amisub of Florida, Inc., d/b/a Southeastern Medical Center. During the course of the litigation, the hospital tendered its defense to Dr. Billington's carrier and counsel. They refused to accept it and the doctor and hospital were represented at the trial by separate attorneys, hired by their respective insurers. The trial ended in a verdict for both defendants, which was necessarily and solely based upon the determination that Dr. Billington had been guilty of no negligence. The ensuing judgment was affirmed on appeal. See Swartz v. Billington, 528 So.2d 1371 (Fla. 3d DCA 1988). The hospital then brought the present action against Billington, purportedly on an indemnity theory, to recover the attorney's fees and costs it expended in the altogether successful defense of the action. On entirely undisputed facts, which presented only the question of law of whether an indemnity claim lies under these circumstances, the trial court entered summary judgment for the doctor upon the holding that it does not. We agree.
It is true that principles of common law indemnity apply to permit the recovery of a judgment, fees and costs which one, such as an employer like the hospital here, is required to expend when it is held liable only because of the vicarious wrongdoing of another. See Mortgage Corp. of America v. Vorndran, 334 So.2d 88 (Fla. 3d DCA 1976); Solar America Corp. v. Independent Solar Plan Co., 505 So.2d 686 (Fla. 3d DCA 1987). This rule, *1272 however, is not applicable in the present situation in which there has been neither a satisfaction of a judgment actually rendered against the purported indemnitee nor a determination  indeed the jury found the opposite  that the purported alleged indemnitor, Dr. Billington, has been guilty of any wrongdoing which gave rise to the indemnitee's expenditures. In so concluding, we apply the basic Florida text on the subject, Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 492-93 (Fla. 1979), which expressly conditions the right to common law indemnity under such circumstances upon a conclusion that "the whole fault is in the one against whom indemnity is sought." [emphasis supplied] The court also stated in sweeping terms which are pertinent, if not controlling, here that "[i]ndemnity rests upon the fault of another which has been imputed to ... the one seeking indemnity... ." Houdaille, 374 So.2d at 493 [emphasis supplied].
Applying this principle, several Florida decisions indicate that indemnity is not available even in a derivative responsibility context in the absence of a finding of fault by the alleged active tortfeasor. Of these, Maple Chair Co. v. W.S. Badcock Corp., 385 So.2d 1036 (Fla. 5th DCA 1980) is the closest. There, the court held:
Badcock's [retailer's] sole basis for recovery of defense costs would be based upon the equitable principle of indemnity, which is defined as a right which enures to a person who has discharged a duty which is owed by him but which, as between himself and another, should have been discharged by the other. Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977). Badcock cites no authority in support of its contention that a manufacturer's duty to the retailer extends to the expenses of litigation where the retailer has been absolved of liability, and it has not yet been determined that the manufacturer was at fault. We know of no theory upon which it can be said that a manufacturer has a duty, absent an express contract, to insulate its retailers from unproven claims of dissatisfied customers.
Accord Estate of Covington v. Young, 521 So.2d 360 (Fla. 5th DCA 1988); see also Mitsubishi Int'l Corp. v. Zayre Corp., 479 So.2d 877 (Fla. 3d DCA 1985). In the precise situation presented here, moreover, the cases elsewhere almost unanimously provide that, as the lower court held, there is no indemnity claim for fees and costs when both the active alleged tortfeasor and the allegedly derivatively liable one have been exonerated and judgment therefore entered in their favor. Diaz v. Western Ventures, Inc., 467 F.2d 1361 (5th Cir.1972), cert. denied, 410 U.S. 967, 93 S.Ct. 1445, 35 L.Ed.2d 702 (1973); Papas v. Kohler Co., 581 F. Supp. 1272 (M.D.Pa. 1984); Merck & Co. v. Knox Glass, Inc., 328 F. Supp. 374 (E.D.Pa. 1971); Borchard v. Wefco, Inc., 112 Idaho 555, 733 P.2d 776 (1987); Oates v. Diamond Shamrock Corp., 23 Mass. App. Ct. 446, 503 N.E.2d 58 (1987), review denied, 399 Mass. 1104, 506 N.E.2d 146 (1987); Winkler v. Gilmore & Tatge Mfg. Co., 334 N.W.2d 837 (N.D. 1983); see INA Ins. Co. v. Valley Forge Ins. Co., 150 Ariz. 248, 722 P.2d 975 (Ariz. App. 1986) (under contractual provision mirroring common law indemnity rule). The only case even arguably[1] to the contrary is Heritage v. Pioneer Brokerage & Sales, Inc., 604 P.2d 1059 (Alaska 1979).
Several reasons which may be advanced for reversal are surely not devoid of colorable merit.[2] Nevertheless, we do not feel *1273 free to accept them. There are occasions when the weight of authority seems so clearly established that even though a court is not technically bound to follow it,[3] such a ruling would be positively contrary to the established law and should not be adopted for reasons of juridical stability alone. This is such a case.
Affirmed.
NOTES
[1] The appellee points out that the underlying issue, which is the one here, of whether indemnity is at all available in this situation, was not itself on appeal in Heritage, 604 P.2d at 1067 n. 25. The court held only that, assuming that indemnity did lie, that attorney's fees were recoverable as an item of damages. (We are not at all impressed by the reasons assigned for this limited holding.)
[2] Some of these arise from the fact that the employer cannot recover funds it has been required to expend solely because of the conduct, even though non-tortious, of its employee; the incongruity of the fact that the hospital may not recover even though its efforts have presumably assisted the doctor in avoiding liability not only to the plaintiff but to the hospital itself as well; and that indemnity would have been required if the hospital were liable but not in the present case when it is not. See United States Fire Ins. Co. v. Chrysler Motors Corp., 264 Or. 362, 375-387, 505 P.2d 1137, 1144-49 (1973) (Denecke, J., dissenting).
[3] While we are not technically required to follow the decision of our sibling court of appeal in Maple Chair, it has been said that one district court should ordinarily follow the decision of another as a matter of intrastate comity unless there is a very good reason not to do so. Leitman v. Boone, 439 So.2d 318, 324 n. 4 (Fla. 3d DCA 1983) (Schwartz, C.J., dissenting); Berek v. Metropolitan Dade County, 396 So.2d 756, 760 n. 1 (Fla. 3d DCA 1981) (Schwartz, C.J., dissenting), approved, 422 So.2d 838 (Fla. 1982). That observation certainly pertains here.