SCHOONOVER, Judge.
The appellant, Joint Medical Products Corporation (Medical Products), challenges a summary judgment entered in favor of the appellee, NME Hospitals, Inc., d/b/a Seven Rivers Community Hospital (hospital). The summary judgment awarded the hospital attorney’s fees and costs that it incurred in defending a medical malpractice claim brought against both the hospital and Medical Products. We reverse.
Dominick Azzariti and his wife, Domeni-ca Azzariti, filed an action against Medical Products and the hospital for damages Mr. Azzariti sustained as a result of an allegedly defective hip prosthesis manufactured by Medical Products and placed in his body at the hospital. The complaint contained counts which alleged product liability theories against the hospital because it supplied *676 an allegedly defective hip prosthesis during Mr. Azzariti’s surgery. The complaint also alleged that the hospital negligently failed to inspect the prosthesis prior to implantation.
Thé hospital moved to dismiss the action because Mr. Azzariti had failed to satisfy the presuit screening requirements of Chapter 766, Florida Statutes (1989). The trial court granted the hospital’s motion to dismiss the negligence claim against it but denied the motion to dismiss the product liability claims. After the negligence claim against the hospital had been dismissed, Medical Products, at the request of the hospital and based upon the pleadings as they then stood, agreed to indemnify the hospital and to assume its defense. Medical Products refused, however, to file a petition for writ of certiorari seeking to overturn the trial court’s order denying the hospital’s motion to dismiss the product liability claims against the hospital.
After Medical Products refused to seek a writ of certiorari, the hospital proceeded to do so and also filed a cross-claim seeking indemnity from Medical Products for its attorney’s fees and costs. In NME Hospitals, Inc. v. Azzariti, 573 So.2d 173 (Fla. 2d DCA1991), this court held that the trial court departed from the essential requirements of law when it refused to dismiss the product liability claims against the hospital. After the receipt of the mandate from this court, the hospital moved for, and obtained, a final judgment in the action brought by Mr. and Mrs. Azzariti.
Although the action against Medical Products remained pending, and the record on appeal indicates it is still pending, the hospital then began prosecuting its cross-claim for indemnity. The hospital alleged that any responsibility on its part for the Azzaritis’ losses was purely vicarious, constructive, derivative, or technical, and that the hospital was entitled to common law indemnity from the manufacturer, Medical Products. Medical Products had answered the cross-claim subsequent to the order dismissing the negligence count against the hospital but prior to this court’s decision referenced above. The answer contained an affirmative defense that after the negligence action was dismissed Medical Products had offered to indemnify the hospital and to assume its defense. The hospital then filed a motion for summary judgment. The motion alleged that since Medical Products refused to prosecute the hospital’s appeal, the hospital was required to do so and that it should be indemnified for attorney’s fees and costs incurred in that appeal. The trial court granted the hospital’s motion and this timely appeal of the final summary judgment awarding attorney’s fees and costs followed.
The hospital’s cross-claim seeking attorney’s fees and costs was based upon the theory of common law indemnification. “Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought.” Houdaille Ind., Inc. v. Edwards, 374 So.2d 490, 492 (Fla.1979). Indemnity shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter’s wrongdoing for which the former is held liable. Houdaille. Although the hospital has established lack of fault on its part, it has not yet been established that Medical Products committed any wrongdoing. The action against Medical Products is still pending, and there has been no finding of liability on its part. Under common law indemnity, a manufacturer does not have a duty to insulate its retailers from unproven claims of dissatisfied customers. Maple Chair Co. v. W.S. Badcock Corp., 385 So.2d 1036 (Fla. 1st DCA 1980). Any duty that Medical Products might have to indemnify the hospital for attorney’s fees and costs the hospital might have been required to expend does not extend to require Medical Products to do so prior to a determination that Medical Products was at fault. Maple Chair. See also Mitsubishi Int’l Corp. v. Zayre Corp., 479 So.2d 877 (Fla. 3d DCA1985); Jerome Nagelbush, Inc. v. *677 Frank J. Rooney, Inc., 342 So.2d 121 (Fla. 3d DCA1977). Therefore, even if we assume that the hospital could establish as a matter of law that it was necessary to prosecute its appeal after Medical Products agreed to provide the hospital a defense, the summary judgment in favor of the hospital under the theory of common law indemnity was premature and must be reversed.
If Medical Products prevails at trial and is found free of fault, the hospital will lose its right to claim common law indemnity. Amisub of Florida, Inc. v. Billington, 560 So.2d 1271 (Fla. 3d DCA1990). If, on the other hand, Medical Products is found to be at fault, the hospital will have a right to proceed. Pender v. Skillcraft Ind., Inc., 358 So.2d 45 (Fla. 4th DCA1978). The hospital will not, however, have the right to a summary judgment without first establishing that Medical Products failed to provide an adequate defense and that it was therefore compelled to incur attorney’s fees and costs. On a motion for summary judgment, it is the movant’s burden to prove the absence of all material issues of fact. A question of fact remains regarding the adequacy of the defense provided by Medical Products after it agreed to defend the hospital. See Carrousel Concessions, Inc. v. Florida Ins. Guaranty Ass’n, 483 So.2d 513 (Fla. 3d DCA1986).
The hospital contends that the summary judgment can be upheld because Medical Products agreed to assume its defense and then failed to provide an adequate defense. We reject this contention. The hospital’s cross-claim was based upon the theory of common law indemnity. After Medical Products agreed to indemnify and defend the hospital, the hospital did not move to amend its cross-claim to seek recovery because of a breach of implied or express contract to indemnify. If the pleadings had been amended, a summary judgment would still have been improper because, as discussed above, a question of fact concerning adequate representation remains. Carrousel Concessions.
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and FRANK, J., concur.