PER CURIAM.
Mainstream America, Inc., the seller of a commercial property, appeals from an order awarding Capital Property Management, Inc., the buyer, attorney’s fees in an action for contractual indemnity. For the following reasons, we reverse.
Select Properties of America, a real estate broker, sued the seller to recover unpaid commissions, alleging that the broker was the procuring cause of the sale of *402 the property. The seller then filed a third party complaint against the buyer for contractual indemnification. The claim for indemnification was premised upon a written contract between the buyer and seller. The agreement provided that in any litigation arising out of the contract, the prevailing party would be entitled to costs and attorney’s fees.
In the underlying action by the broker against the seller, the trial court found that the broker was not the procuring cause of the contract entered into between the buyer and the seller. Accordingly, the trial court entered judgment against the broker, and entered an involuntary dismissal of the seller’s third party indemnity complaint against the buyer.
The buyer moved for attorney’s fees against the seller based upon the attorney’s fee clause in the parties’ contract, and upon the buyer’s status as the prevailing party in the third party action. The trial court granted the motion and awarded fees.
The award of attorney’s fees was improper. In the underlying action, the broker was found not to be the procuring cause of the sales contract, and judgment was entered in favor of the seller. Because the buyer was found not liable to the broker, the indemnity clause of the contract between the buyer and seller was no.t triggered, and no third party liability arose. Although attorney’s fees often are an element of damages in an action for indemnity where underlying liability is established, in the absence of any derivative liability, indemnity for attorney’s fees does not lie. See Amisub of Florida, Inc. v. Billington, 560 So.2d 1271 (Fla. Bd DCA 1990) (holding that indemnity for attorney’s fees is not available to party who was only vicariously liable under theories of respondeat superior or indemnity, when the alleged tortfeasor was exonerated); see also Time Ins. Co. v. Neumann, Weekes & Calloway, Inc., 634 So.2d 726, 729 (Fla. 4th DCA 1994) (holding that indemnity right to attorney’s fees “exists when one is left open to liability due to wrongful acts of another.”); Maple Chair Co. v. W.S. Badcock Corp., 385 So.2d 1036 (Fla. 1st DCA 1980) (holding that where there was judgment of no liability in favor of retailer in products liability action, manufacturer could not be liable for retailer’s attorney’s fees). But cf, Port Everglades Auth. v. R.S.C. Indus., Inc., 351 So.2d 1148, 1150 (Fla. 4th DCA 1976) (holding that upon dismissal of third party complaint, third party defendant could, upon proper proof, recover costs and attorney’s fees on basis of indemnity provision against third party plaintiff even though that third party plaintiff had prevailed in underlying action).
Reversed.