985 So.2d 1197 (2008)
CARIBBEAN FIRE AND ASSOCIATES, INC., a Florida corporation, Appellant,
v.
COASTAL CONSTRUCTION GROUP OF SOUTH FLORIDA, a Florida corporation, and RFS Partnership, L.P., individually and f/u/b/o The Travelers Indemnity Company of Illinois, a foreign corporation, Appellees.
No. 3D06-3194.
District Court of Appeal of Florida, Third District.
July 9, 2008.
*1198 Parillo, Weiss & O'Halloran and Beth M. Gordon, Boca Raton, for appellant.
Thornton, Davis & Fein and Barry L. Davis, Miami; Daniella Friedman, Boca Raton, for appellee, Coastal Construction.
Before SHEPHERD, ROTHENBERG, and SALTER, JJ.
SHEPHERD, J.
This case is before us on our sua sponte order directing the parties to show cause why this appeal should not be dismissed for lack of jurisdiction. Upon review of the order on appeal and the responses received, we dismiss the appeal.
This case arose after a failed water sprinkler system caused post-completion water damage to several floors of a Marriott Hotel in Miami-Dade County. At the time of the incident, the hotel was owned and operated by RFS Partnership, L.P. RFS sued the general contractor, Coastal Construction Group of South Florida, and the sprinkler system subcontractor, Caribbean Fire and Associates, Inc., for the loss. Coastal then cross-claimed against Caribbean for contractual indemnity under their subcontract. Coastal and Caribbean have settled the owner's damage claim, reserving for judicial resolution only whether the subcontract obligates Caribbean to reimburse Coastal for attorney fees and costs incurred defending the settled claim.[1] On this remaining dispute, the trial court has rendered partial summary judgment, finding Caribbean contractually liable to Coastal for attorney fees and costs under the subcontract. The trial court, however, has not determined the amount of attorney fees and costs owed.
The order appealed is clearly nonfinal. The Florida Supreme Court long ago eliminated the jurisdiction of this Court to hear appeals from nonfinal orders like this one granting a partial summary *1199 judgment. See Amends. to Fla. R. of App. Proc., 780 So.2d 834, 860 (Fla.2000). In cases where a final judgment or final order has been entered and the right to seek attorney fees is collateral to the resolution of the main claim between the parties, we have jurisdiction to review the final judgment. See, e.g., McGurn v. Scott, 596 So.2d 1042, 1044 (Fla.1992); Citizens Prop. Ins. Corp. v. Scylla Props., LLC, 946 So.2d 1179 (Fla. 1st DCA 2006); Ulrich v. Eaton Vance Distribs., Inc., 764 So.2d 731, 733 (Fla. 2d DCA 2000). However, where, as here, the attorney fees and costs sought are an element of the damages recoverable as part of the main claim, the amount of the attorney fees and costs sought must be proven by the claimant during the proof of that claim, just as any other element of damages. See Mainstream Am., Inc. v. Capital Prop. Mgmt., Inc., 732 So.2d 401, 402 (Fla. 3d DCA 1999) (stating that attorney fees often are an element of damages in an action for indemnity where underlying liability is established). The fact that the parties apparently have reached an inter se agreement on the amount and distribution of the sum to the owner for the loss does not convert the attorney fees and costs claim in this case into a collateral claim.
Because the attorney fees and costs sought under the subcontract clause are no different than any other element of damages that might have been awardable, this appeal is premature. Hernando County v. Leisure Hills, Inc., 648 So.2d 257, 258 (Fla. 5th DCA 1994) ("To allow this appeal from an order ruling that a party is entitled to a portion of the affirmative relief sought, without actually granting that relief, has the potential of generating an unnecessary number of appeals, even before a final judgment is entered. Such orders can be more efficiently reviewed at the conclusion of the trial court's labor, particularly when the issues are inextricably intertwined.").
Appeal dismissed.
NOTES
[1] The subcontract provision reads:

8.3 Should it become necessary for Contractor or anyone on Contractor's behalf, to incur any costs and/or expenses, whether directly or indirectly, including, but not limited to attorney's fees, collection fees, court costs, mediation or arbitration expenses, or appellate attorney's fees, in connection with any claim or demand asserted by Subcontractor, or as a result of Subcontractor's action or omission, Subcontractor and its surety, if any, agrees to pay all such costs and/or expenses.