THERMOID COMPANY, PLAINTIFF-RESPONDENT, v. CONSOLIDATED PRODUCTS COMPANY, INC., DEFENDANT-APPELLANT.

Argued May 21, 1951—Decided June 11, 1951.

*Mr. Crawford Jamieson* argued the cause for the appellant (*Messrs. Jamieson & Walsh*, attorneys).

*Mr. Ellis L. Pierson* argued the cause for the respondent.

The opinion of the court was delivered by

VANDERBILT, C. J.   This is an appeal from the judgment of the Law Division of the Superior Court in favor of the plaintiff in the sum of $3,091.49.   The appeal, taken to the Appellate Division of the Superior Court, has been certified here on our own motion.

The plaintiff instituted this action to recover the cost of defending a suit instituted in California by Alumbaugh & Company for commissions on the sale of the plaintiff's California plant to the defendant.   The basis of the suit was a letter dated April 27, 1946, in which the defendant agreed to save the plaintiff harmless from brokerage claims arising

out of the sale. In the complaint, however, the plaintiff alleged that the contract for the sale of the California plant had been executed on April 16, 1946. In due course the plaintiff moved for summary judgment and the defendant made a cross motion to dismiss the complaint on the ground that the promise of indemnity contained in the letter of April 27, 1946, was unenforceable for lack of consideration. Both motions were denied and the plaintiff was given leave to amend its complaint.

The plaintiff then filed an amended complaint, again alleging a contract of sale on April 16, 1946, but adding that there were two redrafts of this contract, both dated April 16, 1946, the latter of which, however, was delivered on May 2, 1946. The amended complaint differed further from the original complaint in alleging that the defendant specifically gave assurance to the plaintiff that Alumbaugh & Company was not the broker in the transaction; that the indemnity stated in the letter of April 27th was given verbally before April 16th; and that the execution at a later date of the contract of April 16, 1946, for the sale of the California plant was consideration for the letter of indemnity of April 27, 1946. To the amended complaint the defendant filed an answer admitting the existence of the letter of April 27th but denying the other facts alleged in the amended complaint. In addition, the defendant set up several separate defenses, among them that there was no consideration for the contract of indemnity, that liability for the payment of counsel fees and expenses was not within the terms of the indemnity agreement, and that the plaintiff could not prove the indemnity agreement without varying the terms of the April 16th contract for the sale of the California plant. Again motions were made by the plaintiff for summary judgment and by the defendant to dismiss the complaint. The trial court denied both motions and filed a memorandum opinion in which it held that the consideration for the letter of indemnity of April 27th was the execution on May 2, 1946, of the contract of sale in its amended form, that there was no doubt as to

the ability of the parties to enter into a separate agreement apart from the contract of sale, but that a factual question existed as to whether or not the indemnity agreement contemplated indemnification for attorney's fees and costs in defending a suit brought by the broker for commission, and that this factual question must be submitted to a jury for determination.

The parties then entered into a stipulation of facts and submitted the case to the court for determination without a jury. The stipulation set forth that the plaintiff had a plant in California for sale and entered into negotiations with the defendant for its sale between April 3, 1946, and April 16, 1946. The parties came to terms for the purchase of the plant for $400,000 on April 16, 1946, and an agreement in the form of a letter was signed by the parties and the defendant paid the plaintiff $50,000 on that date. On April 20th the plaintiff, through its counsel, sent a redraft of the contract to the defendant in the form of a letter in which certain changes were incorporated, the redraft still bearing the date of April 16, 1946. Thereafter the sales contract was again changed in slight degree at the plaintiff's request and was finally executed again by the parties on May 2, 1946, this final redraft likewise bearing the date of April 16, 1946. In the period between April 3rd and April 16th, 1946, when negotiations for the sale were in progress, the defendant assured the plaintiff that there was no broker involved in the transaction. The occasion for this assurance was that the plaintiff had received another offer for the property subject to a brokerage commission of about $25,000, which would also have netted the plaintiff $400,000 on the sale of its plant. On April 20, 1946, the defendant wrote to the plaintiff advising it that there was no broker involved in the transaction and that it would be glad to execute any affidavit required on the subject. The plaintiff rejected this letter as not setting forth what it desired and instead sent the defendant another letter requesting that it be signed and returned. On April 27th the president of the defendant corporation signed the

letter and returned it to the plaintiff. The body of the letter reads as follows:

"This will confirm our discussion pursuant to the conclusion arrived at under the terms of which we purchased your Los Angeles plant (acquired by you from the Grisley Manufacturing Company).

It was understood then and I again affirm that there are no brokers involved in our purchase. We would like to assure you that Alumbaugh & Company never called it specifically to our attention, or did they have any negotiations with us as a prospective purchaser. We will hold you harmless from any such claims."

On May 17, 1946, Alumbaugh brought suit against the plaintiff in California for commissions on the sale and the plaintiff informed the defendant thereof promptly. On February 6, 1947, the plaintiff for the first time invited the defendant to join in the conduct of the litigation, but the defendant informed the plaintiff that the plaintiff's counsel was handling the matter in a proper manner and could capably continue with the defense. The officers and employees of the defendant thereafter helped to prepare the case and testified in the suit in California. Judgment was entered against Alumbaugh on May 26, 1947. When the plaintiff received a bill from its attorneys for the defense of the case, it forwarded it to the defendant, which refused to pay the bill of $3,091.49, although its reasonableness was not questioned.

On the basis of the facts set forth in the stipulation the trial court found that the defendant had in fact intended by the indemnity agreement to indemnify the plaintiff for its legal expenses in the suit by Alumbaugh for commissions, being of the opinion that the plaintiff's object in requesting the indemnity agreement was to make sure that it received at least $400,000 for the sale of its property, which it could have received on the basis of the other offer above mentioned from a third party prior to the execution of the contract with the defendant. The trial court thereupon entered judgment in favor of the plaintiff. From this judgment the defendant has appealed, raising five questions which will be considered successively.

1. The defendant contends that it was error for the court below not to dismiss the complaint on the defendant's first motion and to permit the plaintiff to amend the complaint to allege a different date for the contract and to set forth the consideration for the defendant's promise. This point is without merit: Under *Rule* 3:15-1 it is entirely proper for the trial court to permit a complaint to be amended where it appears that the plaintiff may have a valid cause of action.

2. The defendant next argues that there was no consideration to support the alleged contract of indemnity. The agreement for the sale of the plant, it is asserted, was executed on April 16, 1946, and the indemnity agreement executed subsequently on April 27, 1946, could not be supported by the past consideration of the agreement of sale of April 16, 1946, past consideration, except for certain exceptions not here involved, being insufficient in law to support a binding promise. If the parties had not subsequently varied by mutual consent the sales agreement first executed on April 16, 1946, through two redrafts, the later of which was finally executed on May 2, 1946, after the indemnity agreement had been made, there would be considerable merit to the defendant's contention. In the circumstances existing here, however, the trial court was clearly correct in concluding that the consideration for the indemnity agreement was the execution by the plaintiff of the agreement for the sale of its California plant on May 2, 1946.

3. The defendant also claims that the liability for the payment of costs and counsel fees was not within the express or implied terms of the indemnity contract. It is asserted that an indemnity agreement is to be strictly construed, and that the words "We will hold you harmless from any such claim" do not include any legal expenses that the plaintiff might be put to in defending an action for commissions. Again it seemed that the trial court was correct in examining into the facts and circumstances surrounding the execution of the indemnity contract as disclosed by the

stipulation of facts entered into by the parties. There it is clearly revealed that the plaintiff's intent was to receive $400,000 free and clear from the sale to the defendant, for it could have received that amount from a sale to a third party. It was to counteract this offer from a third party that the defendant was willing to make the indemnity agreement. The parties must have contemplated at the time that there was a likelihood that Alumbaugh would put in a claim for brokerage fees, that the claim would be without justification, and that expenses would be entailed in defending a suit. This is further borne out by the fact that the defendant encouraged the plaintiff to defend the action brought by Alumbaugh, when it might well have permitted judgment to have been taken against it for the claimed brokerage fee of $25,000 without incurring any legal expenses and then to have recovered that amount from the defendant. The plaintiff's action in defending the Alumbaugh suit was thus for the benefit of the defendant alone, and it is only reasonable that the parties in using the words "We will hold you harmless from any such claims" contemplated the expenses of defending such a suit as well as the possibility that a judgment for brokerage fees might have gone against the plaintiff.

4. Departing from its position under point two that the indemnity agreement was without consideration because it was only supported by the contract of sale of April 16, 1946, the defendant argues as its fourth point of appeal that the sales agreement, though dated April 16, 1946, speaks from May 2, 1946, the date of the final execution, that this agreement is complete on its face, and that to rely on the indemnity agreement of April 27, 1946, is an attempt to vary the terms of the contract of sale of May 2, 1946, by extrinsic evidence. This contention is wholly without merit. The indemnity agreement here created is an independent obligation, the consideration for which was the execution of the principal contract as of May 2, 1946. It is well established that an indemnity agreement may be sepa-

rate and apart from the contract to which it relates, whether that contract be in existence at the time or merely anticipated. *Wallace, Muller & Co. v. Leber,* 65 *N. J. L.* 195 (*E. & A.* 1900).

5. The defendant's final point is that the trial court erred in giving consideration to facts not included in the stipulation of facts executed by the parties. A careful reading and comparison of the stipulation of facts and of the decision of the court below does not show any reliance by the trial court on facts or statements not contained in the stipulation presented to it by the parties.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.