437 P.2d 449

**BETTILYON CONSTRUCTION COMPANY,**
a corporation, Plaintiff and Appellant,

v.

**STATE ROAD COMMISSION of Utah,**
Defendant and Respondent.

No. 10897.

Supreme Court of Utah.

Feb. 8, 1968.

Kirton & Bettilyon, F. Burton Howard, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Gary A. Frank, Asst. Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Bettilyon Construction Company appeals from dismissal of its complaint against the

State Road Commission whereby it sought recovery for legal expenses incurred in connection with the successful defense of a lawsuit against it by a third party, Eimco Corporation, which challenged the right of way being used in a road construction contract which the Road Commission had let to Bettilyon.

In January, 1963, the State Road Commission, through its Department of Highways, entered into the contract referred to by which Bettilyon was to construct part of the new three-way system to carry traffic leaving highways 80 and 15 at 6th South and 2nd West in Salt Lake City. The following month, February, 1963, Eimco Corporation filed a suit in the District Court against both plaintiff and defendant herein, charging encroachment on its property, and seeking to enjoin the construction. Bettilyon requested the Road Commission to provide counsel for its defense. The latter refused, insisting that it owned the right of way and advising Bettilyon that it would require performance of the contract according to its terms. Bettilyon asserts that because of this refusal, it was obliged to incur legal expense of $2,144 to defend that suit, for which it seeks recovery here.[1]

The basis of Bettilyon's claim is that the Road Commission's refusal to provide counsel for it was a breach of this provision of the contract: "The Director of Highways will be responsible for the securing of all necessary rights-of-way in advance of construction."

■ The defendant Road Commission, although a public entity, is bound only to the same duties and is entitled to the same rights and protections as any other party to a contract; and it is entitled to have those rights and duties determined in accordance with and not extended beyond the ordinary and usual meaning of the language used.[2] It is significant that it is not shown in this case, nor is it contended by Bettilyon, that the Road Commission failed to provide a right of way. In the other suit Bettilyon's own position was that the Road Commission had in fact acquired the right of way, which position was sustained. This is in harmony with the trial court's conclusion in the instant case that the Road Commission had fulfilled the requirement that it would "be responsible for securing all necessary rights of way."

■ One of the hazards of life which everyone is exposed to is the possibility of being required to defend a lawsuit. In a

---

1. As to authority to sue the State Road Commission, see Sec. 27–12–9, U.C.A.1953 (1967 Supplement), which provides: "By its name the commission may sue, and be sued only on written contracts made by it or under its authority."

2. Ordinary meaning of terms, see Jensen's Used Cars v. Rice, 7 Utah 2d 276, 323 P.2d 259.

free country such as ours where it is the privilege of anyone to sue anyone else to seek redress of wrongs, real or imagined, we know of no way this hazard can be eliminated. Such consolation as there is in such a situation can be taken from the fact that if the suit is without merit it can be defeated. But the fact that the party charged may be innocent of the claimed wrong and can successfully defend against such a suit does not entitle him to pass the burden on to some equally innocent third party. By way of analogy, a man who is injured in an accident, or suffers an illness, cannot refuse to pay the doctor and hospital, or require some third party to pay them for him, simply because he wasn't at fault in becoming afflicted.

■ In a situation such as this, in order to require the defendant Road Commission to underwrite Bettilyon's costs of defense, it would have to appear either that there was some provision in the contract which would require the Commission to indemnify plaintiff for defending third-party suits, or that the Commission was guilty of some

improper conduct or violation of its duties under the contract which was causative of the suit by the third party.[3] Neither of these circumstances was shown to have existed here. It would extend the contract beyond the fair import of its terms to hold that it insured the plaintiff against unfounded or spurious claims that may be made against it through no fault of the Road Commission; and it cannot be deemed guilty of breach of contract when it had neither by act of ·commission or omission failed in its duties thereunder. It does not appear that the bringing of a meritless lawsuit by a third party was any more the fault of the Road Commission than it was of Bettilyon.

From what we have said above it follows that the trial court correctly dismissed the complaint. This disposition of the case renders it unnecessary to consider other issues presented.

Affirmed. No costs awarded.

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.

3. In harmony with this is Campbell Building Co. v. State Road Commission, 95 Utah 242, 70 P.2d 857, relied on by plaintiff. There was a delay in failing to provide a right of way because of improper conduct of the state engineer, which was deemed to be a breach of contract. The court said, "When the contractor is placed *by act of the state* in a position that it becomes necessary for him to incur the burden of extra work

he is entitled to just compensation therefor." (Emphasis added.) This is likewise true of other authorities cited and relied on by plaintiff. See Wunderlich v. State Highway Commission, 183 Miss. 428, 184 So. 456; Madison County Construction Company v. State, 177 Misc. 777, 31 N.Y.S.2d 883; Cooper v. Weissblatt, 154 Misc. 522, 277 N.Y.S. 709. See text statement to same effect 25 C.J.S. Damages § 50, p. 787.