## Spencer Blanchard and Walter Blanchard v. Richard Villeneuve, Larry G. Westall and Joan A. Westall

[454 A.2d 1235]

No. 39-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed November 30, 1982

268

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Plaintiffs-Appellees.

*Lisman & Lisman,* Burlington, for Defendant-Appellant Villeneuve.

*Cleveland, Unsworth, Bennett & Bailey,* Shelburne, for Defendants-Appellants Westall.

**Peck, J.** This case involves two appeals from an order of the Chittenden Superior Court in which title to a disputed parcel of land in the town of Jericho was awarded to the plaintiffs, and damages in their favor were assessed against the defendants Westall. Defendant Villeneuve appeals on the question of title, and the Westalls appeal the award of damages. We affirm that portion of the order relating to title, but reverse the award of damages.

The first issue presented for our review is whether the finding that plaintiffs have good title to the disputed land is supported by the evidence. The second is whether the trial court properly awarded damages to the plaintiffs, notwithstanding the fact that there was no breach of the covenants of title in their deed from the Westalls.

Briefly stated, the facts are as follows. On March 11, 1977, defendants Westall conveyed to plaintiffs 20.2 acres of land in Jericho, Vermont. When plaintiffs began to build a driveway from the road to provide access to their land, they discovered that defendant Villeneuve claimed ownership both by record title and by adverse possession of a narrow wedge-shaped section of the property. This disputed parcel included the total frontage on the so-called Governor Peck Road. Plaintiffs ceased construction and brought this action to quiet title, to recover damages from defendant Villeneuve for interference with their use of the property, and to recover damages from defendants Westall for breach of covenants of title.

## I.

This Court will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous. *Cliche* v. *Cliche,* 140 Vt. 540, 541, 442 A.2d 60, 61 (1982) ; *Brown* v. *Town of Windsor,* 139 Vt. 129, 130, 422 A.2d 1268, 1268 (1980) ; V.R.C.P. 52. This rule must be our standard of review in considering the first issue.

The finding that plaintiffs hold record title to the disputed parcel is adequately supported. At trial, evidence of the Ville- neuve chain of title from 1848 to the present and of the Blanchard chain of title from 1811 to the present was ad- mitted. Several of the older deeds in the Blanchard chain of title fixed land boundaries at the Governor Peck Road as it "formerly run [sic]." The court heard evidence as to whether the location of the road had changed, and whether the re- mains of an old wire fence indicated the former course of the road. It was defendant Villeneuve's theory that the fence marked the present property line. Evidence of an 1867 peti- tion to the Jericho Board of Selectmen requesting an altera- tion of the course of the road was admitted, as was evidence of present uncertainty of the location of a point named in the petition. Because of this uncertainty, the trial court found that it could not determine with certainty the former location of the road from the information in the petition.

The court viewed the disputed parcel and made observations of the present course of the Governor Peck Road, of the ter- rain near the old wire fence, and of the quantity and age of the logging stumps on the land. From the evidence presented by the parties and from its visual inspection of the land, the court found that the former location of the road was probably along its present course. The court also found that the least likely location for the old road was along the wire fence. The court concluded that the recitations in the deeds fixing prop- erty lines at the former location of the Governor Peck Road gave plaintiffs record title to the entire disputed parcel, and that the wire fence is not the present Blanchard-Villeneuve property line.

■■ The findings of the court below are not clearly er- roneous, and as such they will not be set aside on appeal. *Vermont Structural Steel Corp.* v. *S. D. Ireland Concrete Con- struction Corp.*, 137 Vt. 371, 372, 406 A.2d 392, 393 (1979) ; V.R.C.P. 52(a). There is ample evidence on the record to support the court's findings that the former location of the Governor Peck Road was substantially the same as its present location, and that as a result the deeds gave plaintiffs record title to the disputed parcel. Accordingly, we affirm the trial

court's holding that plaintiffs have record title to the entire disputed parcel.

Because of our holding that plaintiffs have record title to the disputed parcel, it is not necessary to determine whether they might otherwise have acquired title by adverse possession.

## II.

The second issue is raised by the Westalls. They challenge the award of damages to the plaintiffs. The court expressly found that defendants Westall had not breached any of the covenants of title they made in the deed. However, despite this finding, it awarded damages to plaintiffs from the Westalls for attorney's fees and expenses of litigation, and for the increase in the cost of building their home caused by the delay of litigation. We hold that this award of damages was erroneous.

■■ We look first to the award of attorney's fees and expenses of litigation. As a general rule, "attorney's fees and litigation costs are recoverable by a purchaser of real property when a breach of a covenant for title by his vendor involves him in litigation with a third party . . . ." *Albright* v. *Fish,* 138 Vt. 585, 591, 422 A.2d 250, 254–55 (1980). However, in the instant case the trial court found that the grantors, the defendants Westall, had not breached any covenants of title. They conveyed good and marketable title to plaintiffs; consequently they were not in breach of contract. It was defendant Villeneuve's claim of ownership, rather than a breach of covenant of title by defendants Westall, which caused plaintiffs to become involved in litigation. To the extent that the award of attorney's fees and expenses of litigation is based on contract, it is erroneous in the light of the court's finding that there had been no breach.

■ The award of attorney's fees and expenses of litigation is also erroneous to the extent that it is based on a tort theory of recovery. We have noted that "[t]here is a substantial body of case law which holds that where the wrongful act of one person has involved another in litigation with a third person . . . litigation expenses, including attorney's fees, are recoverable." *Albright* v. *Fish,* 138 Vt. at 591, 422

A.2d at 254 (citations omitted). However, in this case plaintiffs did not allege a tortious act by defendants Westall in their cause of action, nor did they prove a tortious act at trial with the implied consent of the parties pursuant to V.R.C.P. 15(b).

The court made no finding of a wrongful act on the part of the Westalls. In an ambiguous statement contained in its order, the trial court did say it was satisfied that Larry Westall had knowledge of an uncertainty in the title of the disputed parcel prior to the conveyance to the plaintiffs. Mere knowledge however is not enough, without more, to constitute a wrongful act, even if this statement can be construed as an additional finding of fact. There was no evidence, for example, whether any uncertainty appeared in the land records sufficiently to constitute actual or constructive notice thereof to the plaintiff.

■ Further, the parties neither pleaded nor tried the issue of a wrongful act, and they introduced no evidence of any exchanges between the Westalls and the Blanchards relating to the disclosure or nondisclosure of Larry Westall's knowledge of the state of the title. The court made no finding as to the identity of the wrongful act committed by Westall, and as such, an award of damages for an unidentified wrongful act may not stand. Accordingly, we hold that the award of attorney's fees and litigation expenses from defendants Westall to plaintiffs is erroneous. The award cannot be grounded in contract since the court expressly found that defendants Westall breached none of the covenants of title, and it cannot be grounded in tort because the issue of a tortious wrongful act was never raised or proved at trial.

■ Finally, the award of damages for the increased cost of building the house caused by the delay of litigation is likewise improper. This award, like the award for attorney's fees, is based on neither a contract nor a tort theory of recovery for the reasons outlined above. Therefore, it may not stand.

*Judgment awarding title to the disputed parcel to plaintiffs is affirmed; judgment awarding damages to plaintiffs is reversed.*