560 S.E.2d 509

HARVEST CAPITAL, a Pennsylvania Partnership, 51 Systems, Inc., a Pennsylvania Corporation, and Design Fuels Corporation, a Pennsylvania Corporation, Plaintiffs Below

v.

WEST VIRGINIA DEPARTMENT OF ENERGY, Division of Energy, Division of Environmental Protection, and James E. Pitsenbarger, Chief of Abandoned Mine Lands and Reclamation, Defendants Below, Appellants

and

Ground Breakers, Inc., a West Virginia Corporation, Defendant Below, Appellee.

No. 29840.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 8, 2002.

Decided Feb. 8, 2002.

Marcum.

Mark E. Troy, Gary E. Pullin, Pullin, Knopf, Fowler & Flanagan, Charleston, for the Appellants.

David D. Johnson, III, Winter, Johnson & Hill, Charleston, for the Appellee.

1. Judge MacQueen retired on December 31, 2000, and this case subsequently was assigned to Judge Louis Bloom.

ALBRIGHT, Justice.

This is an appeal by the West Virginia Department of Energy, Division of Environmental Protection, and James E. Pitsenbarger, Chief of Abandoned Mine Lands and Reclamation (hereinafter referred to collectively as "DEP"), of the December 21, 2000, order entered by Judge A. Andrew Mac-Queen[1] of the Kanawha County Circuit Court granting summary judgment for Ground Breakers, Inc. (hereinafter "Ground Breakers") on its cross-claim against DEP, resulting in DEP being held liable for the cost of Ground Breakers' defense in an underlying civil action in which DEP and Ground Breakers were named defendants and which was dismissed as having no merit. DEP argues that the lower court, in deciding that DEP had a duty to defend and indemnify Ground Breakers in the underlying suit, failed to properly apply common law and constitutional law as it relates to implied indemnity and also failed to make sufficient findings of fact for meaningful appellate review. Upon consideration of the petition for appeal, the certified record and submitted briefs, we reverse the decision of the circuit court and remand the case for entry of an order consistent with this opinion.

## I. Factual and Procedural Background

The subject of this appeal is a cross-claim which was raised in a suit initiated by the plaintiffs below[2] in which the plaintiffs alleged that they sustained injuries as a result of the improper reclamation activities of DEP, as the state entity responsible for mine reclamation, and of Ground Breakers, as the independent contractor with which DEP contracted to carry out the reclamation of the subject property. When Ground Breakers answered the complaint, it filed a cross-claim against DEP seeking to have DEP assume the defense of Ground Breakers in the underlying suit and to have DEP held responsible for indemnifying Ground Breakers in the event that a judgment was made against Ground Breakers in that suit.

2. The plaintiffs below, Harvest Capital, Design Fuels Corporation and 51 Systems, Inc., are not parties to this appeal.

Following discovery, both DEP and Ground Breakers filed motions for summary judgment with regard to the reclamation claims. According to both parties' briefs, Ground Breakers also filed a motion for summary judgment as to its cross-claim against DEP.[3]

The lower court found the claims in the underlying civil case to be without merit and, by orders entered on August 22, 1997,[4] granted the motions for summary judgment filed by DEP and Ground Breakers. Several months thereafter, the circuit court granted Ground Breakers' summary judgment motion on the cross-claim against DEP by order dated December 21, 2000.

In the December 21, 2000, summary judgment order, the lower court concluded as a matter of law that, under the equitable principle of implied indemnity, the contract between DEP and Ground Breakers created a special relationship between the entities whereby Ground Breakers, as a public contractor carrying out the provisions of the contract with the State, was an indemnitee and should not be required to bear the expense of defending a legal action when it had committed no wrong. The lower court specifically noted in its order that "[t]here is no requirement in this State that there be a finding of wrongdoing on the part of the indemnitor as a prerequisite to indemnification of the indemnitee who has incurred costs as a result of the special nature of its relationship with the indemnitor, and through no fault of its own." It is from this order that DEP has appealed.

## II. Standard of Review

 As set forth in syllabus point one of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), "[a] circuit court's entry of summary judgment is reviewed *de novo*." We note additionally that our review of questions of law is de novo. Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we turn to the issues of this appeal.

## III. Discussion

The pivotal issue we are called upon in this appeal to consider is whether the lower court properly applied the law of this State with regard to implied indemnity when it ruled that attorneys' fees and expenses may be recovered pursuant to an implied indemnity theory even though the underlying liability claim was dismissed and it was not established in that suit that an injury has been sustained or a wrong has been committed against a third party.

 The right to indemnification, be it expressed or implied, is based on the principle that everyone is responsible for his or her own negligence, and, thus, anyone held responsible for the actions of a wrongdoer should be allowed to recover from the wrongdoer. See 41 Am.Jur.2d *Indemnity* § 1 (1995). Implied indemnification is an equitable remedy developed by the courts to address the unfairness which results when one defendant, who has committed no independent wrong, is held liable for the entire loss of a plaintiff while another entity, which may or may not be named as a defendant in the plaintiff's suit to establish liability, would be allowed to escape liability even though it actually caused or was responsible for causing the wrongdoing. *Id.* at §§ 2, 25.

 As both parties assert, the most complete discussion of the doctrine of implied indemnification this Court has undertaken is found in *Hill v. Joseph T. Ryerson & Son, Inc.*, 165 W.Va. 22, 268 S.E.2d 296 (1980). In finding that the remedy of implied indemnity is primarily based on principles of restitution, this Court in *Hill* relied on Restatement of Restitution § 96 (1937), which states: "A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability." We ultimately held in syllabus point two of *Hill* that:

---

3. We rely on the briefs of the parties for this information because this motion was not part of the record certified to this Court.

4. To correct technical errors, the lower court entered amended judgment orders on August 28, 1997.

The general principle of implied indemnity arises from equitable considerations. At the heart of the doctrine is the premise that the person seeking to assert implied indemnity—the indemnitee—has been required to pay damages caused by a third party—the indemnitor. In the typical case, the indemnitee is made liable to the injured party because of some positive duty created by statute or common law, but the actual cause of the injury was the act of the indemnitor.

*Id.* at 22, 268 S.E.2d at 299.

■ In a later case we further determined that a party seeking indemnification must be without fault, saying: "Implied indemnity is based upon principles of equity and restitution and one must be without fault to obtain implied indemnity." Syl. Pt. 2, *Sydenstricker v. Unipunch Products, Inc.,* 169 W.Va. 440, 441, 288 S.E.2d 511, 513 (1982).

We were not specifically called upon in *Hill* or *Sydenstricker* to definitively set forth the elements which would support a claim for implied indemnity or to address the propriety of awarding attorney fees to a putative indemnitee in the absence of a finding of liability on the underlying claim.

Appellee Ground Breakers cites two cases which support the proposition that wrongdoing by the putative indemnitor is not a necessary prerequisite to recovery of attorneys' fees by an indemnitee under the doctrine of implied indemnification: *Booker v. Sears Roebuck & Co.,* 785 P.2d 297 (Okla.1989); and *Heritage v. Pioneer Brokerage & Sales, Inc.,* 604 P.2d 1059 (Alaska 1979). In *Booker,* the Oklahoma Supreme Court found that one of two putative indemnitees seeking reimbursement for legal expenses was entitled to such because that indemnitee had conferred a substantial benefit on the indemnitor by assisting at trial in obtaining a verdict favorable to the indemnitor. The Supreme Court of Alaska ruled the award of attorneys' fees to an indemnitee appropriate in *Heri-*

*tage* based on its finding that the indemnitor had a duty to defend the indemnitee in the underlying products liability suit based on a strict liability theory. However, neither court provided a clear reason as to why, in the context of an indemnification proceeding, one innocent party should be held responsible for another innocent party's attorneys' fees.

We recognize that some courts have concluded that attorneys' fees incurred by indemitees in resisting third party claims are part of the damages an indemnitee may recover through indemnification proceedings because the fees are foreseeable consequences of the indemnitor's wrongful conduct. *See e.g., Hanover Ltd. v. Cessna Aircraft Co.,* 758 P.2d 443 (Utah Ct.App.1988); *Wagner v. Beech Aircraft Corp.,* 37 Wash. App. 203, 680 P.2d 425 (1984); *Thermoid Co. v. Consolidated Products Co., Inc.,* 7 N.J. 283, 81 A.2d 473 (1951); *McGaw v. Acker, Merrall & Condit Co.,* 111 Md. 153, 73 A. 731 (1909).[5] Additionally, some courts have determined that a necessary prerequisite to the recovery of attorneys' fees by an indemnitee is the establishment that the indemnitor was or would have been liable in the underlying liability suit. *See, e.g., Krasny–Kaplan Corp. v. Flo–Tork, Inc.,* 66 Ohio St.3d 75, 609 N.E.2d 152 (1993); *Amisub of Florida, Inc. v. Billington,* 560 So.2d 1271 (Fla.Dist.Ct. App.1990); *Blanchard v. Villeneuve,* 142 Vt. 267, 454 A.2d 1235 (1982); *Manning v. Loidhamer,* 13 Wash.App. 766, 538 P.2d 136 (1975); *Bettilyon Const. Co. v. State Road Commission,* 20 Utah 2d 319, 437 P.2d 449 (1968); *Rauch v. Senecal,* 253 Iowa 487, 112 N.W.2d 886 (Iowa 1962).[6] The fundamental rationale for the requirement that the liability or likely liability of a putative indemnitor on the underlying claim must first be established was stated by the Utah Supreme Court in *Bettilyon:*

One of the hazards of life which everyone is exposed to is the possibility of being

---

5. A more comprehensive listing of cases supporting this proposition is found in C.T. Drechsler, Annotation: *Right to Recover as Damages Attorneys' Fees Incurred in Earlier Litigation with a Third Person Because of Involvement Therein Through a Tortious Act of Present Adversary,* 45 A.L.R.2d 1183, § 2 (1956).

6. Lists of additional cases supporting this premise are found in: 1 Rossi, Robert L., Attorneys' Fees § 8:4, n. 12 (3d ed.2001); Thomas R. Malia, Annotation: *Attorneys' Fees in Products Liability Suits,* 53 A.L.R.4th 414, § 19 (1987).

required to defend a lawsuit. In a free country such as ours where it is the privilege of anyone to sue anyone else to seek redress of wrongs, real or imagined, we know of no way this hazard can be eliminated. Such consolation as there is in such a situation can be taken from the fact that if the suit is without merit it can be defeated. But the fact that the party charged may be innocent of the claimed wrong and can successfully defend against such a suit does not entitle him to pass the burden on to some equally innocent [ ] party.

*Bettilyon Const. Co. v. State Road Commission,* 437 P.2d at 450.

■ We find the reasoning advanced by the Utah court in *Bettilyon* persuasive and particularly relevant to the case before us since neither of the parties to the contract between DEP and Ground Breakers has been found at fault. To this point, each of those parties has borne its respective attorneys' fees and costs. We see no compelling reason to transfer the costs of defending the law suit from one innocent party to another. The risk of defending law suits arising in the ordinary course of doing business one has freely contracted to perform is, as the Utah court indicated, an unfortunate hazard of life. It appears just as unfair to shift that burden from an innocent independent contractor, Ground Breakers, to the other innocent party, DEP, as it would be to attempt to shift DEP's attorneys' fees and costs to the independent contractor, Ground Breakers. If we pursued the course Ground Breakers proposes, all parties contracting with independent contractors, regardless of fault, would surely be unnecessarily mired in multiple claims for representation or reimbursement such as we find here. The State, like many businesses and individual citizens, uses independent contractors extensively to carry out diverse projects and activities.

■ In light of this determination, we find that the principles enunciated in *Hill* and *Sydenstricker,* compel the conclusion that the requisite elements of an implied indemnity claim in West Virginia are a showing that:

(1) an injury was sustained by a third party; (2) for which a putative indemnitee has become subject to liability because of a positive duty created by statute or common law, but whose independent actions did not contribute to the injury; and (3) for which a putative indemnitor should bear fault for causing because of the relationship the indemnitor and indemnitee share. Applying these elements to the case sub judice, Ground Breakers' claim for indemnification must fail because it was not shown that an injury was sustained by a third party for which *anyone* has been subjected to liability.

Ground Breakers prevailed below on its cross-claim for attorneys' fees by convincing the lower court that the doctrine of implied indemnification should be expanded to include representation or reimbursement for the cost of defending claims for which no injury, fault or liability to a third party has been established. As noted, we do not agree.

■ In light of the foregoing discussion, we find that the lower court erred as a matter of law and hold that a putative indemnitee is not entitled to reimbursement of attorneys' fees and expenses under the theory of implied indemnification when it has not been established that an injury has been sustained by a third party for which a putative indemnitor bears fault or responsibility. Accordingly, we reverse the decision of the circuit court.[7]

### IV. Conclusion

For the reasons stated herein, we vacate the December 21, 2000, summary judgment order of the Kanawha County Circuit Court and remand the case for entry of an order consistent with this opinion.

Reversed and remanded.

---

7. We find it unnecessary to address DEP's second assignment of error regarding the failure of the lower court to supply an adequate basis for its summary judgment decision since we have disposed of this case on other grounds.