DECISION AND JUDGMENT ENTRY
{¶ 1} Marilyn Bobo appeals the Athens County Municipal Court's judgment favoring Charles Altier on his third party complaint for indemnification against Bobo for his reasonable and necessary attorney fees. Altier incurred the fees when he defended an underlying liability suit, which involved Fritz Forsthoefel filing suit against Altier and Bobo. Forsthoefel alleged that Altier cut his tree down at Bobo's direction after a storm toppled part of the tree onto Bobo's rental unit. Altier, in turn, filed the third party complaint against Bobo for indemnification. Forsthoefel eventually dismissed his complaint against Altier and Bobo. After the dismissal, the trial court heard evidence and entered judgment on the remaining third party complaint.
 {¶ 2} On appeal, Bobo contends that the trial court erroneously determined that she owed a duty of indemnification for attorney fees to Altier. We agree because Bobo was never found at fault in the dismissed underlying suit and no other basis for indemnification exists, i.e. no statute or contract required it and the circumstances did not indicate that Bobo acted in bad faith or that she was unjustly enriched. Accordingly, we reverse the judgment of the trial court.
 I. {¶ 3} Forsthoefel and Bobo own the neighboring properties at 245 and 247 East State Street in Athens, Ohio. A narrow lawn lined by pine trees sits on the boundary of their properties. One of these pine trees separated just above its base into two large trunks, each extending approximately forty feet high. A storm caused one of the trunks to fall onto the rental unit Bobo owns at 247 East State Street.
 {¶ 4} Bobo came to the scene and saw the need for immediate action. She and Forsthoefel spoke briefly. She advised Forsthoefel that she would immediately find someone to cut the tree. He responded that he did not think that the remaining trunk would also have to be cut.
 {¶ 5} Bobo contacted Altier, who owned and operated a tree and landscaping business in the area. Altier met with Bobo at the residence. He informed Bobo that he either could remove only the portion of the tree that fell, or he could remove the entire tree. Altier offered his opinion that if he left half the tree standing, it would rot within a year and cause further risk to her property. Bobo instructed Altier to remove the entire tree.
 {¶ 6} Altier informed Bobo that he charged ninety-six dollars per hour, and that he predicted the job would take two hours, and cost one hundred ninety-two dollars total. Altier prepared a work order, and wrote, "Remove pine right side of drive[,]" on the work order form. Bobo signed the work order next to the words "Ordered By."
 {¶ 7} Altier and three of his workers arrived with their equipment the next afternoon and removed the entire tree. Neither Bobo nor Forsthoefel was present at the time. Shortly thereafter, Altier sent an invoice to Bobo reflecting a total balance of two hundred four dollars, broken down into a charge for one hundred ninety-two dollars, plus twelve dollars tax. Bobo paid the bill in its entirety.
 {¶ 8} Forsthoefel became upset over the removal of the entire tree. He contacted the police department and asked it to bring criminal charges against Bobo and Altier. Athens Police Lieutenant Dave Williams investigated the matter, and interviewed both Bobo and Altier. Lt. Williams noted in his report that Bobo signed the work order for removal of the tree even though she knew that the tree was on Forsthoefel's property. He also noted that Altier presumed that Bobo was the owner of the property because she did not say anything that would make him think otherwise. Lt. Williams sketched the area where the tree stump sat. He did not include any type of boundary, such as a chain fence, in his drawing. Lt. Williams ultimately concluded that Forsthoefel's claim should be presented in a civil proceeding, rather than in a criminal one, and declined to pursue criminal charges against Bobo or Altier.
 {¶ 9} Forsthoefel filed separate small claim actions against Bobo and Altier. They each removed their case from the Small Claims Division of the Athens Municipal Court to the Civil Division, and the court joined the cases. Altier also filed an answer and third party complaint for indemnification, naming Bobo as the third party defendant. After the court scheduled the case for a hearing, Forsthoefel filed a notice of voluntarily dismissal of his claims against both Altier and Bobo.
 {¶ 10} Altier filed a motion for summary judgment on his third party complaint against Bobo, and Bobo filed a memorandum contra. The court denied the motion.
 {¶ 11} At trial, the trial court held an evidentiary hearing on the issue of Bobo's duty to indemnify Altier. An expert witness testified to the reasonableness of Altier's attorney fees. Additionally, Altier and Bobo testified regarding the events leading up to and including the removal of the tree.
 {¶ 12} The trial court issued a written decision in which it found that the tree, when standing, sat entirely on Forsthoefel's property.[1] Additionally, the trial court found that Bobo and Forsthoefel discussed the removal of the tree, and Bobo was aware of Forsthoefel's opinion that it was not necessary to remove the entire tree. The court further found that Bobo contacted Altier, that Altier offered his opinion that the remainder of the tree would rot and pose a danger to her property if he did not remove the entire tree, and that Bobo relied upon his opinion and told him to remove the tree. Finally, while noting that the parties disputed Altier's knowledge, the court weighed the evidence and found that Altier did not know that the tree was actually located on Forsthoefel's property when he removed it.
 {¶ 13} The trial court concluded that Altier was an independent contractor, but that removal of the entire tree was the contracted result, and that such an arrangement creates an agency relationship. The court further concluded, based upon that relationship, that Bobo was required to indemnify Altier. Finally, the court concluded that Altier's counsel was worth the one hundred fifty dollars per hour billed, but that the twenty-two point two hours billed was not necessary and reasonable given that Forsthoefel's original claim against Altier exposed him to only $3,000 in liability. The court awarded judgment to Altier for seven hours of attorney fees plus costs.
 {¶ 14} Bobo appealed. This court dismissed for lack of a final appealable order, because the record did not contain Forsthoefel's written notice of dismissal. Forsthoefel v. Altier, et al., Athens App. No. 05CA19, 2006- Ohio-1097.[2] On remand, the trial court issued a journal entry noting that Forsthoefel filed a written notice of dismissal on November 12, 2004, but, due to clerical error, the written notice was neither docketed nor retained by the court. The court attached a copy of the November 12, 2004 notice of voluntary dismissal to its journal entry. The court also issued a judgment entry dismissing Forsthoefel from the action.
 {¶ 15} Bobo appeals. The parties filed a joint motion to transfer the entire case file from the previous appeal, Athens App. No. 05CA19, to the instant appeal. We granted the motion, and now consider the briefs filed in the original appeal. Bobo asserts the following assignments of error: "I. The trial court erroneously determined the relationship between Appellant and Appellee to be that of principal and agent. II. The trial court erroneously determined that Appellant owed a duty of indemnification to Appellee, based upon the agency relationship. III. The trial court erroneously determined that Appellant owed attorney fees to Appellee. IV. The trial court erroneously found that Appellant owed a duty of indemnification to Appellee after finding that Plaintiff's criminal complaint was frivolous and his civil complaints questionable, thereby determining en passant that Appellant's actions were not negligent or a breach of her contract with Appellee. V. The trial court erroneously found that it was improbable that Appellee cut the neighbor's tree without knowing whetgher (sic) it was within with (sic) no evidence to support that finding."
 II. {¶ 16} The crux of Bobo's arguments within her five assignments of error involves the duty of indemnification. Because this issue is dispositive, we address it first. Specifically, we must decide whether Bobo (the indemnitor) must indemnify Altier (the indemnitee) for his attorney fees expended in the dismissed underlying liability suit.
 {¶ 17} "The concept of indemnity embraces aspects of primary and secondary liability. Indemnification occurs when one who is primarily liable, (i.e. the indemnitor,) is required to reimburse another, (i.e. the indemnitee,) who has discharged a liability for which that other is only secondarily liable." Krasny-Kaplan Corp. v. Flo-Tork, Inc. (1993),66 Ohio St.3d 75, 78, citing Prosser Keeton on Torts (5 Ed.1984) 341, Section 51. In certain circumstances, this liability includes attorney fees. Id. at 77-78. Examples of relationships that involve primary and secondary liability are "wholesaler/retailer, abutting property owner/municipality, independent contractor/employer, and master/servant." Motorists Mut. Ins. Co. v. Huron Rd. Hosp. (1995),73 Ohio St.3d 391, 394 (citation omitted). Another example is the manufacturer/distributor relationship. See, e.g.,Krasny-Kaplan.
 {¶ 18} Generally, Ohio follows the "American Rule," which requires each party in a law suit to pay his or her own attorney fees.Krasny-Kaplan at 77. However, significant exceptions exist. When a plaintiff brings suit against co-defendants in an underlying liability suit and the indemnitor-defendant is not found at fault, a basis for indemnification does not exist for attorney fees expended by the indemnitee-defendant unless at least one of the following four factors is present: (1) a statutory duty requires it, (2) a contractual obligation to do so exists, (3) a finding of bad faith on the part of the indemnitor, or (4) a finding that the indemnitor is unjustly enriched. Id. at 77-78. Absent at least one of these factors, indemnification has no basis. Id. at 78.
 {¶ 19} In Krasny-Kaplan, a plaintiff brought suit against two defendants, i.e. the indemnitee and the indemnitor. A jury found that the defendants were not liable. Our Supreme Court found that there was no basis for indemnification between the defendants because the indemnitor was not found at fault and the record was devoid of any of the factors that would create an exception.
 {¶ 20} Here, the plaintiff voluntarily dismissed the underlying liability suit against the two defendants, i.e. the indemnitee and the indemnitor who formed an independent contractor/employer or employee/employer relationship. Thus, Bobo, as the indemnitor, was not found at fault. In addition, the record is totally devoid of any of the four factors that would create a basis for indemnification. No one points to a statute that would apply. The contract between the parties did not contain an indemnification clause. And, the trial court did not make any findings that would suggest that Bobo acted in bad faith or that she was unjustly enriched. Therefore, indemnification for attorney fees has no basis in this case. Consequently, Bobo is not liable to Altier for attorney fees expended.
 {¶ 21} Altier argues that Bobo and he had a principal/agent relationship because he acted as an employee. Bobo maintains that they had an independent contractor/employer relationship. We do not need to decide if Altier acted as an independent contractor or as an employee because our finding that indemnification for attorney fees has no basis in this case applies in either situation. See Motorists Mut. Ins.Co., supra, at 394.
 {¶ 22} We understand that an innocent party, i.e. Altier, is out his attorney fees in defending the underlying suit. "[S]ome [state] courts have concluded that attorneys' fees incurred by indemnitees in resisting third party claims are part of the damages an indemnitee may recover through indemnification proceedings because the fees are foreseeable consequences of the indemnitor's wrongful conduct. See, e.g.,Hanover Ltd. v. Cessna Aircraft Co., 758 P.2d 443 (Utah Ct.App. 1988);Wagner v. Beech Aircraft Corp., 680 P.2d 425 (Wash.Ct.App. 1984);Thermoid Co. v. Consolidated Products Co., Inc., 81 A.2d 473 (N.J. 1951); McGaw v. Acker, Merrall Condit Co., 73 A. 731 (Md. 1909)."Harvest Capital v. West Virginia Department of Energy (2002),211 W. Va. 34.
 {¶ 23} However, some state courts do not think that an innocent indemnitor should have to reimburse an innocent indemnitee. Therefore, these courts require "that a necessary prerequisite to the recovery of attorneys' fees by an indemnitee is the establishment that the indemnitor was or would have been liable in the underlying liability suit. See, e.g., Krasny-Kaplan Corp. v. Flo-Tork, Inc., 609 N.E.2d 152
(Ohio 1993); Amisub of Florida, Inc. v. Billington, 560 So.2d 1271 (Fla. Dist.Ct.App. 1990); Blanchard v. Villeneuve, 454 A.2d 1235 (Vt. 1982);Manning v. Loidhamer, 538 P.2d 136 Wash. Ct. App. 1975); BettilyonConst. Co. v. State Road Commission, 437 P.2d 449 (Utah 1968); Rauch v.Senecal, 112 N.W.2d 886 (Iowa 1962)." Id.
 {¶ 24} Ohio follows this last view and does not require an innocent indemnitor like Bobo to reimburse an innocent indemnitee like Altier for attorney fees expended. The reason is because it is just as unfair to shift the burden to an innocent indemnitor when the parties were free to insert an indemnification clause into their contract. Id.;Krasny-Kaplan at 80. Attorney fees to defend an action are often the price one must pay to do business. Id.
 {¶ 25} The Harvest Capital case is similar to this case. It involved an independent contractor/employer as defendants in an underlying liability case that the plaintiff dismissed. The West Virginia Supreme Court followed the view that Ohio and other states follow and did not shift the burden of paying attorney fees from the innocent indemnitor to the innocent indemnitee. The court stated that it simply is a cost of doing business.
 {¶ 26} Accordingly, we sustain Bobo's argument within her assignments of error that indemnification has no basis under the circumstances of this case. We find Bobo's remaining arguments moot and reverse the judgment of the trial court.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and McFarland, J.: Concur in Judgment and Opinion.
[1] We note that both parties question this finding in their briefs. However, neither party assigned an error asserting that it is against the manifest weight of the evidence. In any event, the record contains some competent, credible evidence to support the trial court's finding that Forsthoefel owned the property where the tree sat.
[2] Bobo filed a motion for reconsideration, which we denied on May 16, 2006.