# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State Auto Property and Casualty Insurance Company, as subrogee of Randall Buckley d/b/a Randy's Contracting Service, Plaintiff Below, Petitioner**

**FILED**

**June 10, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0556** (Hampshire County 13-C-113)

**Al-Ko Kober, and Kaufman Trailer of N.C., Inc., Defendants Below, Respondents**

## MEMORANDUM DECISION

The petitioner herein and plaintiff below, State Auto Property and Casualty Insurance Company ("State Auto"), as subrogee of Randall Buckley d/b/a Randy's Contracting Service ("Randy's Contracting"), appeals the May 1, 2014, order of the Circuit Court of Hampshire County, dismissing State Auto's claims against the respondents herein and defendants below, Al-Ko Kober and Kaufman Trailer of N.C., Inc. ("Kaufman Trailer"), pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure ("Rule 12(b)(6)") for failure to state a claim for which relief could be granted. State Auto, by counsel, Trevor K. Taylor and Tiffany A. Cropp, filed a brief with this Court. Al-Ko Kober, through counsel, Scott L. Summers, and Kaufman Trailer, through counsel, Timothy R. Linkous and J. Robert Russell, filed responses. State Auto, by counsel, filed a reply.

This Court has considered the record on appeal, the parties' briefs, and their oral arguments. Upon our review, we believe that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision reversing the circuit court's order. For the reasons expressed below, the May 1, 2014, order is reversed and this matter is remanded for further proceedings.

On August 8, 2011, Eric Connell, an employee of Randy's Contracting, was involved in a car accident on U.S. Route 50 in Hampshire County, West Virginia. At the time, Connell was driving a 2000 F-250 Ford truck towing a 2009 Kaufman utility trailer manufactured by defendant Kaufman Trailer. Both the truck and the trailer were owned by Randy's Contracting. State Auto alleges that the accident occurred when an axle manufactured by defendant Al-Ko Kober failed, causing the trailer to lose a wheel. The trailer fishtailed into oncoming traffic, and it was struck by a 2002 F-250 Ford truck driven by James Coleman. State Auto contends that Coleman suffered both personal

1

injuries and property damage as a result of the accident and that Randy's Contracting sustained property damage.

Randy's Contracting is insured by petitioner State Auto. According to State Auto, the policy of insurance issued to Randy's Contracting provides liability insurance for vehicles owned and operated by Randy's Contracting. Prior to the initiation of any law suits, State Auto avers that it paid Coleman for the personal injuries and property damage he incurred as a result of the accident. State Auto also claims to have paid its insured, Randy's Contracting, for its property damage arising from the accident. Al-Ko Kober and Kaufman Trailer were not apprised of and were not party to these settlements.

In initiating this claim, State Auto contends that it has a contractual right of subrogation arising from the insurance policy it issued to Randy's Contracting, permitting it to recover from the defendants not only the money it paid to Randy's Contracting, but also the money it paid to Coleman. State Auto, acting as subrogee, filed a complaint against Al-Ko Kober and Kaufman Trailer, alleging that the trailer and axle were defectively designed, tested, manufactured, and distributed, and that as a direct and proximate cause of those defects, both of the defendants are strictly liable to State Auto for the money it paid to Coleman and Randy's Contracting. State Auto also claimed that the defendants were negligent in the design, testing, manufacture, and distribution of the trailer and axle and that the defendants are similarly liable to State Auto for this negligence.

In response to the complaint, the defendants filed answers and Rule 12(b)(6) motions to dismiss. Characterizing the claims as claims for contribution, the defendants asserted that State Auto's suit is barred by syllabus point 6 of *Charleston Area Medical Center, Inc. v. Parke-Davis*, 217 W. Va. 15, 614 S.E.2d 15 (2005) ("*CAMC*"), because State Auto did not apprise the defendants of the settlements with Randy's Contracting and Coleman. Syllabus point 6 of *CAMC* provides:

> The inchoate right of contribution recognized by this state can only be asserted by means of third-party impleader in an action brought by the injured party against a tortfeasor. Consequently, a tortfeasor who negotiates and consummates a settlement with an injured party on behalf of itself before any lawsuit is filed cannot subsequently bring an action seeking contribution from a tortfeasor who was not apprised of and not a party to the settlement negotiations and agreement.

State Auto argued in response to the motions to dismiss that while a cause of action for contribution against the defendants may be barred for failure to provide notice of the settlements, "State Auto's complaint clearly alleges cognizable claims against Kaufman Trailer and Al-Ko Kober . . . for implied indemnification." During oral

2

argument, State Auto's counsel advised the Court that State Auto is seeking indemnification, not contribution.

By order entered May 1, 2014, the circuit court ruled in favor of the defendants and dismissed State Auto's case for failing to state a claim for which relief can be granted. The order provided, "Whether in the form of negligence or strict liability, *the Plaintiff's independent cause of action for indemnification was extinguished when the Plaintiff failed to give notice to the Defendants or to make them a party to any settlement or litigation.*" (Emphasis added). State Auto appeals this order.

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the trial court must construe the complaint in the light most favorable to the plaintiff and presume all of the allegations therein are true. *Sedlock v. Moyle*, 222 W. Va. 547, 550, 668 S.E.2d 176, 179 (2008). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." Syl. pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977).

On appeal of a circuit court's order granting a 12(b)(6) motion, this Court makes the same presumptions of the complaint and applies a *de novo* standard of review. Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."); syl. pt. 2, *Hill v. Stowers*, 224 W. Va. 51, 680 S.E.2d 66 (2009) (same).

State Auto's first assignment of error is that the circuit court applied an improper notice requirement when dismissing State Auto's subrogation claim for implied indemnity. The defendants both argue that the circuit court's decision was not in error and that State Auto's claim is one for inchoate contribution, requiring notice.

While syllabus point 6 of *CAMC* requires that a tortfeasor provide notice to other tortfeasors of settlement negotiation and consummation with an injured party to recover *contribution* from the other tortfeasors, the same notice requirement is not required for a tortfeasor to maintain a claim for *implied indemnity*. Syllabus point 4 of *Hill v. Joseph T. Ryerson & Son, Inc.*, 165 W. Va. 22, 268 S.E.2d 296 (1980), holds:

> *Lack of notice* by the indemnitee to the indemnitor concerning the injured plaintiff's claim *will not defeat an implied indemnity action* that is timely filed. If, however, the indemnitor has received no notice and has not been impleaded by the indemnitee into the original suit brought against the

3

indemnitee by the plaintiff, then the indemnitor is not bound by the judgment rendered against the indemnitee in the plaintiff's action.

(Emphasis added).

Pursuant to syllabus point 4 of *Hill*, State Auto was not required to provide notice to the defendants of the settlement negotiation and consummation with Coleman to maintain its claim for indemnity. Therefore, upon our *de novo* review, we determine that the circuit court has erred by dismissing State Auto's subrogation claim for indemnity for lack of notice.[1]

In State Auto's second assignment of error, it contends that the circuit court improperly dismissed its subrogation claim to recover from the defendants what it paid out to its insured, Randy's Contracting. Insofar as the circuit court did not provide a separate ground for dismissing the claim of subrogation for Randy's Contracting, we assume that it also relied upon the erroneous notice requirement to dispose of this claim. Consequently, we find it was error to dismiss the subrogation claim for Randy's Contracting for the reasons cited regarding the Coleman indemnification claim.

Because the circuit court's May 1, 2014, order dismissing State Auto's indemnity and subrogation claims was in error, we reverse that order and remand the case for further proceedings consistent with this decision.

Reversed and remanded.

---

[1] In addition to arguing that the circuit court had correctly dismissed the case for lack of notice, the defendants also argued that State Auto may not maintain its implied indemnity claim because it "did not plead an implied indemnity claim on behalf of its insured, Randy's Contracting." This argument was not presented in the defendants' motions to dismiss, and the circuit court's order did not consider whether the requisite elements of an implied indemnity claim are satisfied in this case. *See* syl. pt. 4, *Harvest Capital v. W. Va. Dep't of Energy*, 211 W. Va. 34, 560 S.E.2d 509 (2002) ("The requisite elements of an implied indemnity claim in West Virginia are a showing that: (1) an injury was sustained by a third party; (2) for which a putative indemnitee has become subject to liability because of a positive duty created by statute or common law, but whose independent actions did not contribute to the injury; and (3) for which a putative indemnitor should bear fault for causing because of the relationship the indemnitor and indemnitee share."). Although "it is permissible for us to affirm the granting of [dismissal] on bases different or grounds other than those relied upon by the circuit court," *Gentry v. Magnum*, 195 W. Va. 512, 519, 466 S.E.2d 171, 178 (1995), we believe that under the specific facts of this case, the interests of justice will best be served if we remand the case to the circuit court for its consideration of this issue.

**ISSUED:** June 10, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin

**CONCURRING AND WRITING SEPARATELY:**

Justice Menis E. Ketchum
Justice Allen H. Loughry II

5

LOUGHRY, Justice, concurring, with KETCHUM, Justice, joining:


I fully concur in the majority's conclusion that no notice requirement exists for purposes of advancing an implied indemnification claim. State Auto, as subrogee of Randall Buckley, d/b/a Randy's Contracting Service, may pursue an implied indemnification claim against a party it believes is one-hundred percent liable for the subject accident. Nonetheless, I write separately to restate my fervent belief that this Court should revisit the holding in *Charleston Area Medical Center, Inc. v. Parke-Davis*, 217 W.Va. 15, 614 S.E.2d 15 (2005). Although *Parke-Davis* addressed contribution, not implied indemnity, State Auto has represented that it forewent the pursuit of a claim for contribution because of the holding in *Parke-Davis*.[2]

The Court held in *Parke-Davis* that a tortfeasor who settles with an injured person before a lawsuit is filed cannot bring a contribution claim against a joint tortfeasor who was not a participant in the settlement agreement. *Id.* at 17-18, 614 S.E.2d at 17-18, syl. pt. 6. A contribution claim can only be brought when a lawsuit is first initiated by the injured party:

> To permit the inchoate right of contribution to be successfully asserted, the injured party must bring a cause of action against an alleged tortfeasor who then joins additional non-named tortfeasors by means of third-party joinder, following which a judgment is rendered that establishes a common obligation owed by the joint tortfeasors to the injured party. Absent compliance with this procedural mechanism for asserting contribution in advance of the rendering of a joint judgment, there is no right of contribution outside the statutory rights provided by West Virginia Code § 55-7-13.

*Id.* at 24, 614 S.E.2d at 24.

As more fully explained in my concurrence to *Modular Building Consultants of West Virginia, Inc. v. Poerio, Inc.*, No. 14-0158, 2015 WL 3386820 (W.Va. May 21, 2015) (Loughry, J., concurring), *Parke-Davis* was wrongly decided. Without any legal or common-sense justification, it discourages tortfeasors and insurance companies from promptly resolving claims. Injured persons are forced to file suit just so a tortfeasor may protect the possibility of a subsequent award of contribution. This is disadvantageous to

---

[2]It is notable that, unlike implied indemnity, a party need not be totally without fault to pursue a claim for contribution.

both plaintiffs and defendants and is contrary to our long-standing precept that "[t]he law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation[.]" Syl. Pt. 1, in part, *Sanders v. Roselawn Mem'l Gardens*, 152 W.Va. 91, 159 S.E.2d 784 (1968).

I do not advocate piecemeal litigation for purposes of pursuing contribution or indemnity. Where an action is filed, all claims should be brought therein via impleader or consolidation. However, where an injured person does not sue because he received full satisfaction from a single tortfeasor, and a proper release is obtained,[3] there is no legal or rational justification for precluding the settling tortfeasor from pursuing joint tortfeasors to achieve an equitable apportionment of damages. If the alleged joint tortfeasors should dispute their liability or the reasonableness of the settlement amount, they could challenge these with the same evidence that would have been offered if the injured person had initiated the suit and they were made party defendants.

State Auto should be applauded for promptly undertaking the entire cost of settlement in the instant case, rather than refusing to settle with an injured person who ostensibly bears no fault for the accident and dragging him along while the products liability claim is investigated and litigated. This Court should encourage such claims settlement practices. Now, as subrogee to its insured, and if the claims are properly pled and supported by a release from Mr. Coleman, State Auto should be permitted to pursue claims for both implied indemnity *and* contribution. This case provides a ready opportunity to overrule *Parke-Davis*—perhaps one of the few opportunities this Court will have, inasmuch as tortfeasors will undoubtedly be reluctant to risk running afoul of the *Parke-Davis* holding. Unfortunately, the majority of this Court has declined to pursue the opportunity to revisit a misguided ruling that clearly warrants correction.

Accordingly, I respectfully concur.

---

[3]The terms of the release executed by Mr. Coleman are not in the appendix record. However, as explained in the *Modular Building Consultants* majority opinion, an injured person must release all of the joint tortfeasors in order to preserve the settling tortfeasor's right of contribution. 2015 WL 3386820 at * __, syl. pt. 9.