**William Thomas FRIEND and Bonnie Lou Friend, husband and wife, Plaintiffs,**

**v.**

**EATON CORPORATION, Eaton Material Handling Company, Yale Material Handling Company, Appellants,**

**and**

**Medley Scale & Equipment Company, and Medley Handling, Inc., Appellees.**

**No. 70617.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 31, 1989.

Rehearing Denied Dec. 26, 1989.

John F. McCormick, Allison D. Garrett, Pray, Walker, Jackman, Williamson & Marlar, Tulsa, for appellants,

Harry A. Parrish, Knight, Wagner, Stuart, Wilkerson & Lieber, Tulsa, for appellees.

## MEMORANDUM OPINION

PATRICIA DOUGHERTY MacGUIGAN, Judge:

Appellees (Medley) were sued in a products liability action, along with Appellants

(Yale), by William and Bonnie Friend (Plaintiffs). The action involved a forklift manufactured by Yale. Medley was the distributor which sold the forklift to Plaintiffs' employer. Plaintiffs did not allege in their petition that Medley changed or altered the product, rather they alleged strict products liability with Medley's liability premised upon Medley being a link in the chain of distribution with Yale the manufacturer of the product. Medley immediately made a formal demand upon Yale to assume the defense of Medley. The demand was based on Medley's position as a distributor and the fact that the Plaintiffs' petition did not allege that Medley changed, altered or modified the forklift. Counsel for Yale responded stating that the product must be inspected before a decision could be made regarding assumption of Medley's defense. Subsequent demands by Medley for indemnity were similarly refused. Medley then filed a cross-claim for its indemnity, and its motion for summary judgment was granted on the first day of the jury trial of the action. Medley, having prevailed on its indemnity action, moved thereafter for an award of attorney's fees and costs, which motion was granted. This appeal resulted.

Yale asserts that the award of attorney's fees to Medley has no basis under either the Oklahoma Statutes or caselaw pertaining to indemnity. Neither are there any Oklahoma Statutes authorizing attorney's fees to the prevailing party in a manufacturer's product liability action. *United General Insurance Co. v. Crane Carrier Co.*, 695 P.2d 1334 (Okl.1984).

Other jurisdictions have addressed this issue however. In *Heritage v. Pioneer Brokerage & Sales, Inc.*, 604 P.2d 1059, 1066 (Ala.1979), the court held that the right of indemnity controlled "... recovery of costs and attorney fees as a matter of policy." The court stated that the indemnitee "... is not held harmless if it must incur costs and fees in bringing suit to recover on the indemnity clause. The contractor on the other hand can avoid such costs and attorney fees by paying the amount due without the necessity of suit." 604 P.2d at 1066. The court further stated:

In actions of indemnity, brought where the duty to indemnify is either implied by law or arises under contract, and no personal fault of the indemnitee has joined in causing the injury, reasonable attorneys' fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses. 604 P.2d at 1067.

In *Piedmont Equipment Co., Inc. v. Eberhard Manufacturing Co.*, 99 Nev. 523, 665 P.2d 256, 258, 259 (1983), the court stated:

The more restrictive jurisdictions follow the rule of *Westfield v. Mayo*, 122 Mass. 100, 23 Am.Rep. 292 (1877). The court in *Westfield* held that where an indemnitee tenders his defense to an indemnitor at the start of litigation and the tender is refused, and the indemnitee then demands solely and exclusively the acts of the indemnitor rather than any misfeasance of his own, the indemnitor becomes liable not only for the damages paid by the indemnitee to the plaintiff, but also for all reasonable and necessary litigation expenses incurred by the indemnitee. 122 Mass. at 105. [Emphasis original]

Most of the jurisdictions following *Westfield* have refused to compel manufacturers to pay attorney's fees to otherwise indemnified suppliers and distributors who have defended against allegations that they were independently liable for negligence or breach of warranty. The courts reason that where the plaintiff alleges that each defendant member of the distribution chain is independently liable, each such defendant is defending for its own benefit rather than for the benefit of the indemnitor. The courts have held that under such circumstances the indemnitor is under no duty to defend the indemnitee, and a general rule precluding an award of attorney's fees absent a statute or contract applies. See, e.g. *Weston v. Globe Slicing Machine Co.*, 621 F.2d 344 (9th Cir.1980) (interpreting Idaho Law); *David v. Air Tech. Industries, Inc.*, 22 Cal.3d 1, 148 Cal.Rptr. 419, 582 P.2d 1010 (Cal.1978); *Farr v. Armstrong Rubber Co.*, 288 Minn. 83, 179 N.W.2d 64 (Minn.1970);

*Krug v. Sterling Drug, Inc.,* 416 S.W.2d 143 (Mo.1967); *Conrad v. Scuhr,* 274 N.W.2d 571 (N.D.1979); *Shaffer v. Honeywell, Inc.,* 249 N.W.2d 251 (S.D. 1976).

Several jurisdictions have departed from the *Westfield* rule, instead relying on basic indemnity principles to allow an indemnitee to recover attorney's fees and court costs from the indemnitor under certain circumstances. These courts reason that there is no distinction between indemnity actions arising out of contract provisions and those that are implied in law, holding that in either case reasonable attorney's fees and costs incurred in resisting the claim indemnified against may be recovered as part of the indemnitee's damages, so long as the indemnitee is free from active wrongdoing regarding the injury to the plaintiff and has tendered the defense to the indemnitor at the start of the litigation. See, e.g., *Heritage v. Pioneer Brokerage & Sales, Inc.,* 604 P.2d 1059 (Alaska 1979); *Sendroff v. Food Mart of Connecticut, Inc.,* 34 Conn.Supp. 624, 381 A.2d 565 (Conn. Super.1977); *Pender v. Skillcraft Industries, Inc.,* 358 So.2d 45 (Fla.App.1978); *St. Paul Fire & Marine Ins. Co. v. Crosetti Bros., Inc.,* 256 Or. 576, 475 P.2d 69 (Or.1970). See also *Litton Systems, Inc. v. Shaw's Sales & Service, Ltd.,* 119 Ariz. 10, 579 P.2d 48, 50–52 (Ariz.App. 1978); *Boudreau v. General Elec. Co.,* 2 Hawaii App. 10, 625 P.2d 384, 390 (Hawaii App.1981); *Massingale v. Northwest Cortez, Inc.,* 27 Wash.App. 749, 620 P.2d 1009, 1012 (Wash.App.1980).

In the instant case, Plaintiffs premised their action solely on strict products liability; therefore, Medley's only potential liability arose from being part of the distribution chain.

Yale asserts however that there can be no indemnity and consequent attorney fees in the instant case because there has never been an adjudication that Yale is the primary wrongdoer. We disagree as Medley's right of indemnity has, in fact, been judicially determined. Medley filed a motion for partial summary judgment on the issue of indemnity, which motion was granted.

Inherent in the court's granting summary judgment is the finding that Yale was the primary wrongdoer with Medley being only a constructive wrongdoer. Therefore, the right of indemnity was determined when the trial court granted Medley's motion for summary judgment. Other jurisdictions have also found that settlement with a plaintiff does not destroy the right of indemnity. See *United Boatbuilders, Inc. v. Tempo Products Company,* 1 Wash.App. 177, 459 P.2d 958 (1969).

Yale also asserts that Medley can collect attorney's fees through indemnity only if it is first required to pay damages. Under this theory, Medley would not be entitled to indemnity if it successfully defended itself and received a defendant's verdict. We find this result illogical. Courts in other jurisdictions have recognized that the right of indemnity is not contingent upon actual payment. For example, in *Piedmont Equipment Company v. Eberhard Manufacturing Company,* 665 P.2d at 256, the jury found Piedmont not liable on plaintiff's product liability cause of action and, therefore, Piedmont made no payments to plaintiff. Nevertheless, the court allowed Piedmont's indemnity action, awarding it costs and fees.

Lastly, Yale asserts that public policy dictates against the award of attorney's fees in this case. The doctrine of manufacturer's products liability allows a plaintiff to sue any or all of the parties in the chain of distribution of an allegedly defective product. The same doctrine entitles those parties at the end of the distribution chain to indemnity from the party or parties above them in the distribution chain. Thus, the retailer is indemnified by the wholesaler (or manufacturer), and the wholesaler is indemnified by the manufacturer. The manufacturer's products liability doctrine contemplates that all costs associated with a defective product will ultimately be borne by the party primarily responsible for that defective product. Therefore, a plaintiff has the freedom of suing whomever he pleases in the chain of distribution, while those parties "downstream" in the distribution chain have the

security of knowing that if they are sued, they can recover all their loss from those parties "upstream" in the distribution chain. If attorney's fees and costs are not included in the recovery afforded to the "downstream" parties, they are not made whole, and the "upstream" party is only assessed a portion of the expense associated with the defective product. The result is that the constructively responsible party is unjustly punished while the primarily responsible party receives a windfall. For these reasons, we hold that public policy dictates the "downstream" party or distributor, Medley, must recover its attorney's fees in keeping with the general principles of indemnity; i.e., where an indemnitee is forced to incur defense expense, he should be relieved of that expense by the indemnitor. See *Heritage v. Pioneer Brokerage & Sales, Inc.*, 604 P.2d at 1059, and *Piedmont Equipment Co., Inc. v. Eberhard Manufacturing Co.*, 665 P.2d at 256.

Moreover, it was Yale's own actions which caused Medley to incur its own defense expense and it was also Yale's action that obviated the necessity of judgment in the trial court. Specifically, it was Yale's decision both to settle the case before trial was concluded and to refuse assumption of Medleys' defense, causing Medley to incur its own attorney fees and expenses. Had Yale assumed Medley's defense as requested, the subsequent assessment of attorney fees could have been avoided. The court in *Heritage v. Pioneer Brokerage & Sales, Inc.*, in dealing with this issue, reasoned as follows:

> Moduline owed Pioneer a duty to defend the strict product's liability suit; that much is established by the directed verdict which was entered in Pioneer's favor by the superior court. Further, Moduline could have avoided assessment of attorney fees by taking over defense of the Heritage claim when it was tendered by Pioneer, but it declined to do so.

604 P.2d at 1067.

For the above-stated reasons, we therefore hold that the trial court's award of attorney's fees and costs to Medley was proper.

AFFIRMED.

GARRETT, P.J., and HUNTER, J., concur.