OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Krasny-Kaplan Corporation v. Flo-Tork, Inc., Appellee; Spuhler,
d.b.a. Power Control Company, Appellant.
[Cite as Krasny-Kaplan Corp. v. Flo-Tork, Inc. (1993),     Ohio
St.3d     .]
Torts -- Products liability -- Manufacturer under no obligation
    to indemnity distributor for attorney fees and costs, when.
    (No. 91-2332 -- Submitted January 20, 1993 -- Decided
April 7, 1993.)
    Appeal from the Court of Appeals for Cuyahoga County, No.
59137.
    The case before us on appeal originated when plaintiff,
Krasny-Kaplan Corporation ("Krasny-Kaplan"), purchased
hydraulic actuators manufactured by defendant-appellee,
Flo-Tork, Inc. ("Flo-Tork").  The actuators were sold to
Krasny-Kaplan by defendant-appellant, Peter Spuhler, d.b.a.
Power Control Company, a distributor of Flo-Tork products.
When the actuators did not function to Krasny-Kaplan's
expectations, Krasny-Kaplan filed a products liability suit in
the Court of Common Pleas of Cuyahoga County, naming both
Spuhler and Flo-Tork as defendants.
    The case proceeded to jury trial, with Krasny-Kaplan
bringing claims against Spuhler for breach of express
warranties, breach of implied warranties of merchantability and
fitness for a particular purpose, strict products liability,
and negligent misrepresentation; and against Flo-Tork for
strict products liability.  The case also proceeded on
Flo-Tork's and Spuhler's separate counterclaims against
Krasny-Kaplan, and on each defendant's cross-claim against the
other for indemnification.
    At the close of the presentation of evidence,
Krasny-Kaplan withdrew its claim of negligent misrepresentation
against Spuhler, and Flo-Tork also withdrew its cross-claim
against Spuhler for indemnification.  Spuhler elected not to
have his cross-claim against Flo-Tork for indemnification for
attorney fees and costs go to the jury, but instead chose to
have the trial court resolve the indemnification question.
    The jury returned verdicts in favor of Spuhler and
Flo-Tork on all claims of Krasny-Kaplan, and Krasny-Kaplan

prevailed on the counterclaims brought against it.  The result was that the jury determined no party was liable to any other party, so that no damages were awarded.  No party appealed from the jury's verdicts, and therefore Krasny-Kaplan is no longer involved in the present dispute.

After the jury verdicts, the trial court held a hearing to rule on Spuhler's indemnity claim against Flo-Tork.  Flo-Tork stipulated that Spuhler's submitted claim for $15,494 for attorney fees and costs was reasonable, but argued that it was under no obligation to indemnify Spuhler.  The trial court ruled in Spuhler's favor and ordered Flo-Tork to indemnify Spuhler for the full amount.

Flo-Tork appealed the trial court's judgment to the court of appeals, which reversed the order of indemnity.  The appellate court held that "absent a contractual provision that provides for the indemnification of attorney fees in defense of a lawsuit, a co-defendant has no cause of action for indemnity from another co-defendant for attorney fees and costs of his own defense."

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Critchfield, Critchfield & Johnston, Lincoln Oviatt and Peggy J. Schmitz, for appellee.

Gallagher, Sharp, Fulton & Norman, Burt Fulton and William A. Meadows, for appellant.

Vorys, Sater, Seymour & Pease, Edward A. Schrag, Jr. and Michael D. Martz, urging affirmance for amicus curiae, Ohio Manufacturers' Association.

Alice Robie Resnick, J.  The issue for determination is whether a distributor of a product is entitled to indemnification for attorney fees and costs from the manufacturer of the product in a products liability action, when both are defendants in the action, and when neither is adjudged to be liable to the plaintiff.  For the reasons which follow, we find that in the circumstances of this case, the manufacturer is under no obligation to indemnify the distributor for attorney fees and costs.

Initially, we stress that this case involves indemnification for attorney fees and costs.  Since no damages were paid by either defendant, no issue concerning the indemnification of a codefendant for damages paid to a plaintiff who sues multiple defendants is implicated in this case.

It is the general rule in this state that when multiple parties are defendants in litigation, each bears the costs of his or her own defense.  This rule pertaining to codefendants is in part a consequence of Ohio's adherence to the so-called "American rule," which requires each party involved in litigation to pay his or her own attorney fees in most circumstances.  See Sorin v. Bd. of Edn. (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 225, 347 N.E.2d 527, 528-529; State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 193, 529 N.E.2d 1268, 1270.  There are, however, significant exceptions to this general rule regarding defense costs of codefendants. For example, a contractual provision between the parties may

shift the costs of presenting a defense from one party to another--the parties have the ability to contractually require one codefendant either to supply the other's defense or to reimburse the other for attorney fees expended.  Also, just as a statute may specifically provide that a prevailing party may recover attorney fees as part of the costs of litigation (see Sorin, 46 Ohio St.2d at 180-181, 75 O.O.2d at 226, 347 N.E.2d at 529-530), a statute could require that one party must bear the costs of another party's defense.  See, e.g., McIntyre Refrigeration, Inc. v. Mepco Electra (App.1990), 165 Ariz. 560, 799 P.2d 901 (applying an Arizona statute).  Or, a finding that one of the codefendants to litigation has acted in bad faith may result in that defendant being forced to pay the defense costs of the other defendant, in the same way that a finding of bad faith against a party may force that party to pay the attorney fees of the prevailing party.  See Durkin, 39 Ohio St.3d at 193-194, 529 N.E.2d at 1270.  In addition, a situation may occur in which a party must indemnify another party for costs of mounting a defense, because a failure to indemnify would serve to unjustly enrich the party that benefits from the other party's efforts.  This implied right of indemnity arises when the party seeking indemnity is totally free of fault, and the fault of another party has been imputed to the party seeking indemnity.  See Amisub of Florida, Inc. v. Billington (Fla.App.1990), 560 So.2d 1271, 1271-1272.  When a case does not present a situation requiring deviation from the general rule that each codefendant bears responsibility to pay the costs of his or her own defense, no indemnification is required.

The relationship between appellee, Flo-Tork (as manufacturer) and appellant, Spuhler (as distributor of Flo-Tork products) is set forth in a Distributor Licensing Agreement, which denotes the contractual positions of the two parties.  It is uncontested that no provision in the Distributor Licensing Agreement requires appellee to indemnify appellant for attorney fees and costs.  Likewise, appellant does not call our attention to any statute requiring appellee to indemnify him for attorney fees and costs.  Nor does appellant convincingly argue that appellee has acted in bad faith.  Therefore, appellant can prevail only if he can demonstrate that an implied obligation exists entitling him to indemnification.

The concept of indemnity embraces aspects of primary and secondary liability.  Indemnification occurs when one who is primarily liable is required to reimburse another who has discharged a liability for which that other is only secondarily liable.  See Prosser & Keeton on Torts (5 Ed.1984) 341, Section 51.  In the present case, no liability of either defendant to the plaintiff was found.  Therefore, the traditional understanding of indemnity cannot apply, because appellee was never determined to be primarily liable.

In Merck & Co. v. Knox Glass, Inc. (E.D.Pa.1971), 328 F.Supp. 374, a jury in a products liability action found that neither the manufacturer nor the retailer was liable to the plaintiff.  When the retailer sued the manufacturer for its costs of litigation (including attorney fees), the court determined that the manufacturer had no obligation to reimburse the retailer.  The court stated at 377:  "In the absence of (1)

a statutory duty to reimburse for litigation costs and counsel fees, or (2) a contractual obligation so to do, or (3) a finding of fault on the part of [the manufacturer], there can be no basis for indemnification. The record is totally devoid of any of these three elements. [The retailer] is in no different position than any other successful defendant who must bear the costs of counsel fees to establish his defense."

Appellant cites cases from other jurisdictions allowing a retailer to gain indemnification for attorney fees and defense costs from a manufacturer when the retailer sells a defective product which the manufacturer has placed in the stream of commerce, and the retailer is merely a passive conduit in the chain of distribution. See, e.g., Pender v. Skillcraft Industries, Inc. (Fla.App.1978), 358 So.2d 45; Piedmont Equip. Co., Inc. v. Eberhard Mfg. Co. (1983), 99 Nev. 523, 665 P.2d 256. We are not persuaded by appellant's citation of authority. Cases such as Pender are easily distinguished from the present case: appellee's product was found not to be defective, while in Pender and other cited cases the manufacturer's product was determined to be defective. Nor are we persuaded by appellant's citation of Friend v. Eaton Corp. (Okla.App.1989), 787 P.2d 474. In that case, the manufacturer settled with the plaintiff, and the trial court, after finding the manufacturer to be the primary wrongdoer, then ordered the manufacturer to indemnify the codefendant retailer for attorney fees and costs incurred prior to the settlement. The court of appeals, in affirming the order of indemnity, found that the manufacturer's act of settlement did not destroy the right of indemnity. The court's approach in Friend appears to be similar to that of the Pender court; and because that approach is premised on the manufacturer being a wrongdoer, it has no application to the case before us.

Appellant also argues that some courts have awarded indemnity for attorney fees and costs to an innocent retailer when the manufacturer was also determined not to be liable to the plaintiff. These courts have apparently based the award of indemnification for attorney fees and costs on a determination that the manufacturer of the product was unjustly enriched by the retailer's successful support. See Heritage v. Pioneer Brokerage & Sales, Inc. (Alaska 1979), 604 P.2d 1059; Pullman Standard, Inc. v. Abex Corp. (Tenn.1985), 693 S.W.2d 336.

Appellant further contends that to not award him indemnification in this situation would be unfair; appellant believes it is anomalous to punish him for his success in supporting appellee's defense at trial that the product was not defective.1 From appellant's perspective, there is some logic to this contention; however, appellant does not place enough importance on the fact that appellee also was found to be free of fault at trial.

Appellee argues that, from its perspective, it is of critical importance that no defective product was manufactured. Therefore, appellee urges that the general rule that each codefendant must pay the costs of his or her own defense should apply. We agree that appellee was not actually unjustly enriched by appellant's support. See Oates v. Diamond Shamrock Corp. (1987), 23 Mass.App.Ct. 446, 448-449, 503 N.E.2d 58, 60 ("Where the manufacturer was absolved of liability, it

was not unjustly enriched because the retailer bore the costs of its own defense. *** The retailer is in a position no different from that of any other successful defendant." (Citation omitted.) Thus, we find the Heritage rationale to be questionable, at least when considered in light of the circumstances of the present case. Ultimately, we conclude that the Merck approach sets out the better policy. We decline to use the facts of the case before us to create an exception to the general rule that each codefendant bears the costs of his or her own defense.

In a relationship such as that between the codefendants here, in which the issue of indemnification of a party may arise, a manufacturer and distributor are free to negotiate, and have the ability to contractually provide that one party must bear the other's costs of litigation, whether successful or unsuccessful. In the absence of such a provision, it must be recognized that attorney fees and costs necessary to defend against an action are often the price of doing business.

We agree with the conclusion of the court in Papas v. Kohler Co., Inc. (M.D.Pa.1984), 581 F.Supp. 1272, 1274, a case factually similar both to Merck and to the present case, which also refused to award indemnification to a retailer for attorney fees and costs: "*** a manufacturer of a non-defective product who is sued in a products liability action should not be forced to pay not only for its own defense but for defense of the retailer as well." (Emphasis added.)

We hold that, in the circumstances of this case, appellant is not entitled to indemnification from appellee. The judgment of the court of appeals is affirmed.

                                        Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE:

1 We note that the cases cited by appellant which awarded indemnification when both the manufacturer and retailer were determined not to be liable to the plaintiff differ in one significant regard from the present case: the plaintiff's claims in this case against appellant included some allegations which were not based on appellee's alleged wrongdoing, but were based on appellant's own actions. Were we to adopt appellant's interpretation of cases such as Heritage, appellant at best would be entitled to indemnification for only a portion of his attorney fees and costs (those incurred in defending against allegations of appellee's wrongdoing). Because we hold that appellant is not entitled to indemnification from appellee, we do not address this question.