JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant/cross-appellee Puritas Partnership ("Puritas") appeals from a decision of the Common Pleas Court that granted co-defendant-appellee/cross-appellant Marc Glassman, Inc., d.b.a. Marc's ("Marc's") motions for summary judgment. Upon review, we conclude that there are no genuine issues of material fact and that Marc's is entitled to judgment on its claim for indemnification. However, we reverse and remand the trial court's decision as to the amount of attorney fees.
 {¶ 2} On March 3, 2000, plaintiff Dolores Auber tripped and fell on the sidewalk outside of the Marc's store located at the "Marc's Plaza Shopping Center" at West 150th and Puritas Road in Cleveland, Ohio. As a result of the fall, plaintiff suffered injuries and filed suit in the Cuyahoga County Court of Common Pleas alleging negligence against Puritas and Marc's.
 {¶ 3} On April 20, 2001, Puritas, the owner of the shopping center, filed a cross-claim against Marc's seeking common law indemnification and contribution for the claims asserted by the plaintiff.
 {¶ 4} On May 14, 2001, Marc's filed an amended cross-claim. In Count II of its cross-claim, Marc's sought contractual indemnification from Puritas, pursuant to the terms of its lease with Puritas.
 {¶ 5} On July 10, 2001, Marc's filed its motion for partial summary judgment on Count II of its cross-claim. In that motion, Marc's sought summary judgment against Puritas based on the issue of Puritas's obligation to defend and indemnify Marc's from plaintiff's claims pursuant to the terms of the lease agreement between Marc's and Puritas.
 {¶ 6} On August 2, 2001, while Marc's motion was still pending, the plaintiff dismissed all of her claims against the defendants after she entered into a settlement agreement with Puritas. The cross-claims between Puritas and Marc's were not dismissed.
 {¶ 7} On August 17, 2001, Puritas filed its brief in opposition to Marc's motion for partial summary judgment and its own cross-motion for summary judgment on Marc's cross-claim.
 {¶ 8} On August 24, 2001, the trial court granted Marc's motion for partial summary judgment and found that Puritas was obligated under the terms of the lease to defend and indemnify Marc's.
 {¶ 9} On September 5, 2001, Marc's filed another motion for summary judgment as to the issue of damages. In that motion, Marc's attached the affidavit of Beth Weiner, Chief Financial Officer of Marc's, stating that Marc's had incurred $14,325 in attorney fees and $546.21 in litigation expenses in defending Marc's against plaintiff's claims.
 {¶ 10} On September 13, 2001, Puritas filed its brief in opposition to Marc's second motion for summary judgment requesting a hearing to determine the reasonableness of the attorney fees and expenses.
 {¶ 11} On September 17, 2001, the trial court granted Marc's motion for summary judgment and awarded attorney fees in the amount of $6,800 and litigation expenses in the amount of $350.
 {¶ 12} It is from these decisions that both parties appeal and raise the following assignments of error:
 I. {¶ 13} THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON ITS CLAIM FOR INDEMNIFICATION AND IN FAILING TO GRANT PURITAS SUMMARY JUDGMENT ON THAT CLAIM.
 CROSS-ASSIGNMENT OF ERROR I. {¶ 14} THE TRIAL COURT ERRED IN ITS JUDGMENT DATED SEPTEMBER 17, 2001 BY FAILING TO AWARD CROSS-APPELLANT MARC GLASSMAN, INC. THE ENTIRE AMOUNT OF ITS CLAIMED ATTORNEY FEES AND EXPENSES, I.E., $14,871.21.
 {¶ 15} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if, as a matter of law, no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 16} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 17} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which affirmatively demonstrate that the nonmovant has no evidence to support his claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 18} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Marc's favor was appropriate.
 A. Indemnification {¶ 19} On or about November 16, 1990, Marc's and Puritas entered into a lease agreement. In Section 3.1 of the lease agreement, the "premises" is described as a "store space" 24,426 square feet in size measured " * * * from the inside of exterior walls and the center of interior walls."
 {¶ 20} Section 4.2 of the lease provides that Puritas must operate and maintain the "common areas." Section 1.1 of the lease includes sidewalks in the definition of "common areas."
 {¶ 21} Section 17.1 of the lease provides in pertinent part:
 {¶ 22} "Landlord and tenant * * * shall indemnify and save each other from harmless legal action, damages, loss, liability, and any other expenses in connection with * * * bodily or personal injury * * * arising from or out of the use or occupancy of their respective areas or buildings of the shopping center, occasioned wholly or in part by any act or omission of tenant and landlord, their respective agents, contractors, employees, or persons claiming through them."
 {¶ 23} By its terms, this provision requires Marc's to defend and indemnify Puritas if Puritas is sued as a result of an incident that occurs inside the Marc's store. Similarly, Puritas would be required to defend and indemnify Marc's if Marc's is sued as a result of an incident that occurs in the common areas.
 {¶ 24} Here, it is undisputed that plaintiff fell as the result of a defect in the sidewalk outside of Marc's. (Complaint, q14). Since the sidewalk is defined as a "common area" under the terms of the lease, Puritas was obligated under the terms of the lease to defend and indemnify Marc's for any incident that occurred on the sidewalk. Accordingly, the trial court did not err in granting Marc's motion for partial summary judgment on Count II of its cross-claim.[1]
 B. Attorney Fees {¶ 25} Marc's claims that it is also entitled to attorney fees and other litigation expenses as a result of the indemnification clause quoted above. The clause indicates that the parties "shall indemnify and save each other harmless from legal action, damages, loss, liability, andany other expenses * * *. (Emphasis added). We agree. The words "any other expenses" should be given their plain meaning and must therefore include all expenses arising out of the incident including attorney fees and other associated expenses. However, we find that the trial court erred when it awarded Marc's $6,800 in attorney fees and $350 in litigation expenses.
 {¶ 26} In order to allow an award of attorney fees, there must be evidence concerning the proper measure of such fees. Hutchinson v. J.C.Penney Cas. Ins. Co. (1985), 17 Ohio St.3d 195, 200. The factors to consider when awarding attorney fees are: (1) the time and labor involved in maintaining the litigation; (2) the novelty, complexity, and difficulty of the questions involved; (3) the professional skill required to perform the necessary legal services; (4) the experience, reputation, and ability of the attorneys; and (5) the miscellaneous expenses of the litigation. Id. Additional factors to consider are "the fee customarily charged in the locality for similar legal services" and "the amount involved and the results obtained." DR 2-106(B), Code of Professional Responsibility.
 {¶ 27} Here, in support of its second motion for summary judgment, Marc's attached the affidavit of Beth Weiner, Chief Financial Officer of Marc's, which stated the following:
 {¶ 28} To date, Marc's has incurred $14,325.00 in attorney's fees and $546.21 in litigation expenses in defending Mrs. Auber's claims up to the date of settlement of those claims on August 2, 2001.
 {¶ 29} FURTHER SAYETH AFFIANT NAUGHT.
 {¶ 30} /S/ Beth Weiner
 {¶ 31} This is not evidence in accordance with the Hutchinson
rationale. The trial judge was left to speculate what reasonable attorney fees should be. This award cannot stand without some evidentiary support pursuant to Hutchinson. Accordingly, we reverse the award of attorney fees and remand for a redetermination of such fees.
Judgment affirmed in part; reversed and remanded in part.
It is ordered that appellant/cross-appellee and appellee/cross-appellant shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] We agree with Puritas that a finding of fault is a prerequisite to a common law claim for indemnity; however, the subject of the within appeal is Count II of Marc's cross-claim, which is a claim for contractual indemnity. In Ohio, parties have the ability to contractually require one co-defendant either to supply the other's defense or to reimburse the other for attorney fees expended. Krasny-Kaplan Corporation v. Flo-Tork,Inc. (1993), 66 Ohio St.3d 75, 77.