DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas, awarding "indemnification" damages to attorneys as compensation for their former clients' breach of a settlement agreement. Because we conclude that the trial court should not have permitted indemnification compensation for collateral proceedings subsequent to judgment, we reverse, and remand.
Appellants are David and Ok Sun Palmer. In 1987, appellants retained the law firm of Crandall, Pheils Wisniewski (nka David R. Pheils, Jr. 
Associates) to represent them in a Michigan personal injury claim. SeePheils v. Palmer (May 14, 1993), Lucas App. No. L-91-426; Pheils v.Palmer (Aug. 10, 1993), Lucas App. No. L-91-426, jurisdictional motions overruled. Pheils v. Palmer (1993), 67 Ohio St.3d 1470; Pheils v.Palmer (1993), 68 Ohio St.3d 1420; see, also, Pheils v. Palmer (Feb. 5, 1993), Wood App. No. WD-92-024. When the association between appellants and the law firm deteriorated, the firm sued appellants for fees appellants allegedly owed. Appellants, in a separate action, sued the firm and its partners, Dale Crandall, David Pheils, and Marshall Wisniewski, for legal malpractice.[1] What we have termed "unusually acrimonious" and "exceptionally convoluted" legal proceedings ensued.[2]
These matters were consolidated and eventually the parties reached a settlement agreement. Read into the record on October 22, 1991, appellants agreed to release appellees from any claim for "* * * any event * * * occurring prior to or contemporaneous with the execution [of the agreement]."
On November 6, 1991, appellants sued appellees in Wood County for defamation, breach of privilege, and invasion of privacy, all premised on alleged events occurring prior to October 22, 1991. Appellees counterclaimed, alleging a breach of the October 1991 settlement agreement.
The trial court granted summary judgment to appellees, concluding that the 1991 settlement agreement barred all of appellants' claims. On appellees' counterclaim, the trial court ruled in favor of appellees and awarded $1,000 damages, even though appellees had asked for judgment on the issue of liability alone. On appeal, we affirmed the judgment against appellants and in favor of appellees on the breach of contract liability. However, we found the award of damages for the breach premature and remanded the matter for a damages hearing. Palmer v.Pheils (Feb. 5, 1993), Wood App. No. WD-92-024.
On remand, again following lengthy legal maneuvering, the trial court in 1995 awarded appellees "damages" of $67,762 plus interest, a figure largely representing appellees' attorney time dealing with appellants' 1991 Wood County lawsuit and prosecution of the counterclaim for breach of the October 1991 settlement agreement. Predictably, both sides appealed this judgment.
On appeal, we affirmed the trial court's judgment, holding that appellees were entitled to damages that, "* * * resulted as the natural and probable result of appellants' breach of the October 22, 1991 settlement agreement and pursuant to the covenant to indemnify." Palmerv. Pheils (Aug. 29, 1997), Wood App. No. WD-96-001.
Following our August 1997 decision, appellees moved the trial court for an additional $142,665.42[3] "indemnification damages" for the period following the 1995 judgment which first awarded "indemnification" damages. Included in these sums were costs and attorney fees related to postjudgment proceedings, including appeals, related to the Wood County case which underlies this appeal; attorney fees related to collection attempts; attorney fees for proceedings before the bankruptcy court related to appellants' bankruptcy; attorney fees in a Lucas County case captioned Palmer v. Toledo Bar Association and for a category labeled "Palmer against the World." All attorney time claimed was for appellees Pheils and Crandall.
The trial court set appellees' motion for a hearing on December 13, 2000. On December 11, 2000, appellants moved to vacate the December 13 hearing date. The trial court denied appellants' motion and, when appellants failed to appear, proceeded without them. In the end, the trial court disallowed $12,075.08 of appellees' claimed additional losses (all of them from claims submitted by appellee Pheils) and awarded appellees $135,536.34.
From this judgment, appellants now bring this appeal, setting forth the following 12 assignments of error:
 "A. First Assignment of Error The trial court erred and abused its discretion in failing to grant appellants [sic] motion to vacate the December 13, 1990 continuation of the trial and in the process violated appellants' due process rights.
 "B. Second Assignment of Error The trial erred and violated appellants [sic] constitutional right to a jury trial when it ignored their demand for a jury trial.
 "C. Third Assignment of Error The trial court erred in finding that time spent by Pheils in prosecuting his claim for defamation and attempting to collect on a judgment in said defamation case was a breach of the 10-22-91 settlement agreement.
 "D. Fourth Assignment of Error The trial court erred in finding that Mrs. Palmer's bankruptcy filing constituted a breach of the 10-22-91 settlement agreement.
 "E. Fifth Assignment of Error The trial court erred in finding that time spent by Pheils in pursuing a foreclosure action in LLCP [sic] Case No. 98-1589 to collect on his defamation judgment in LCCP No. 95-1150 was compensable because it violated the terms of the 10-22-91 settlement agreement.
 "F. Sixth Assignment of Error The trial court erred in awarding damages when the record is silent as to the basis for said award and when no evidence of any kind was admitted at the trial to support appellee's claims for the value of the time they claimed they spent in this matter and by failing to make any findings of facts or conclusions of law.
 "G. Seventh Assignment of Error The trial court erred in awarding fees to appellee's for time spent pursuing an appeal as a result of the trial court's denial of their claims for mental anguish and punitive damages.
 "H. Eighth Assignment of Error The trial court erred in finding that David Palmer's filing a lawsuit in LCCP Nos. 97-2127 and 99-5197 constituted a breach of the 10-22-91 settlement agreement.
 "I. Ninth Assignment of Error The trial court erred in awarding damages to appellee's [sic] for time spent defending against appellant's [sic] successful Rule 60(B) Motion.
 "J. Tenth Assignment of Error The trial court erred in awarding damages for time spent responding to grievances, an affidavit of prejudice and for time spent reviewing David Palmer's website.
 "K. Eleventh Assignment of Error The trial court erred in awarding double fees to Pheils for the same claims.
 "K. [sic] Twelfth Assignment of Error The trial court erred in denying appellant's [sic] Rule 59 Motion for Relief."
 I.
In their first assignment of error, appellants complain that the trial court erred in refusing to grant their December 11 continuance request of the December 13 hearing on damages.
The decision on whether to grant a continuance rests in the sound discretion of the court and will not be overturned absent an abuse of that discretion. Midland Steel Products, Inc. v. UAW Local 486 (1991),61 Ohio St.3d 121, 130. An abuse of discretion is more than an error of judgment or of law, the term connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990),53 Ohio St.3d 161, 168-169.
The December 13 hearing date was set on September 26, 2000. The suit had been pending for more than nine years at the time, and the requested continuance was made only two days before trial. In view of these facts alone, we cannot say that the court abused its discretion in denying appellants' motion. Accordingly, appellants' first assignment of error is not well-taken.
 II.
In their second assignment of error, appellants contend their right to a jury trial was abridged when the court "ignored" their jury demand.
Appellants properly cite Article I, Section 5, Ohio Constitution, and Civ.R. 39(A) as authority establishing their right to a jury trial. However, parties may waive the right to a jury trial by stipulating such a waiver in writing or orally in open court. Civ.R. 39(A)(1). This is exactly what the parties did on the record and in open court on November 28, 1995. Moreover, Civ.R. 39(A) also provides that the failure of a party or his attorney to appear for trial constitutes a waiver of a jury for that party. As a result, pursuant to the rule, appellants again waived a jury when they failed to appear on December 13, 2000. Accordingly, appellants' second assignment of error is not well-taken.
 III.
In their third through eleventh assignments of error, appellants attack certain specific cost items included in the sum awarded by the trial court. Appellants essentially present two arguments: these items are not supported by the evidence and these items fall outside the scope of the "natural and probable result" of their breach.
Appellees respond by pointing out that appellants failed to order a transcript of the December 13, 2000 hearing as is their duty pursuant to App.R. 9. Appellees, citing numerous cases, maintain that absent such a transcript, we must presume the regularity of the proceedings and affirm the trial court's judgment in toto.
Appellees are, to a certain extent, correct. As the Supreme Court of Ohio noted in Knapp v. Edwards Labs. (1980), 61 Ohio St.2d 197, 199:
 "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
Consequently, when a transcript is necessary for the resolution of an assigned error (such as an attack on the sufficiency of the evidence), missing transcripts are fatal to an appellant. Accordingly, to the extent that appellant suggests that the evidence did not support the trial court's findings, appellants' third through eleventh assignments of error are not well-taken.
Notwithstanding appellees' arguments, however, an absence of the transcript does not foreclose all matters on appeal. Appellants also assert that, irrespective of proof, certain monies should not have been awarded appellees because, as a matter of law, the proceedings which gave rise to these sums were outside the scope of the settlement agreement.
At issue, for the most part, are the attorney fees of appellees who represented themselves, pro se, in a variety of proceedings. Accompanying appellees' "indemnification" motion were billing records which appellee attorney Pheils and appellee attorney Crandall submit flowed from appellants' breach of the settlement agreement.
Ohio is a "American rule" jurisdiction. Generally, under the "American rule" parties involved in litigation pay their own attorney fees.Krasny-Kaplan Corp. v. Flo-Tork, Inc. (1993), 66 Ohio St.3d 75, 77. The parties may alter the rule contractually or a different result may be mandated by statute or rule, id. at 77-78, but even when such a rule or statute applies, attorney fees are ordinarily denied to pro se parties.State ex rel. Freeman v. Wilkinson (1992), 64 Ohio St.3d 516, 517; Stateex rel. McGowan v. Cuyahoga Metro. Hous. Auth. (1997), 78 Ohio St.3d 518,520; State ex rel. Yant v. Conrad (1996), 74 Ohio St.3d 681, 684.
In this matter, appellees claim no rule or statute which would entitle them to attorney fees. They rely wholly on the terms of the settlement agreement which we have held requires appellants to indemnify appellees for the "natural and probable result" of a breach, including compensating them for attorney time necessarily expended. Palmer v. Pheils (Aug. 29, 1997), supra.
Most contracts of indemnity are to be strictly construed, see Toth v.Toledo Speedway (1989), 65 Ohio App.3d 166, 168, and certainly given no greater scope than the language of the agreement clearly and unequivocally expresses. Linhart v. Standard Oil Co. (Aug. 4, 1983), Cuyahoga App. No. 45573, citing Dingledy Lumber Co. v. Erie R. Co. (1921), 102 Ohio St. 236, 242.
The parameters of the settlement/indemnity agreement are defined in the following language in which appellants agreed to release appellees,
"* * * from any and all claims, demands, debts, damages actions and causes of action, of whatever kind, * * * that [they] ever had, now have, claim to have, or hereinafter may have against, [appellees], for * * * any and all claims, demands, debts, damages, actions and causes of action of whatever kind, * * * arising from the legal representation of [appellants] giving rise to the [three pending Lucas County cases which appellants agreed to dismiss.]"
By its own terms, the agreement limits appellants' obligation to indemnify appellees for damages only for asserted "claims, demands, debts, damage action and causes of actions" arising on or before the date of the agreements' execution, October 22, 1991, and as the result of appellees' legal representation of appellants which were the subject of three Lucas County court cases then pending.
Notably absent from the agreement is any mention of ethics grievances or website perusal. Neither does the document address suits or claims by appellees against appellants. Moreover, we are disinclined to permit appellees to bootstrap time spent in collateral proceedings to finance this ongoing exercise in litigiousness.
We have already affirmed the determination that appellants' November 6, 1991 lawsuit breached the settlement agreement. Palmer v. Pheils
(Feb. 5, 1993), supra, and we have affirmed that appellees are entitled to damages for the natural and probable result of the breach, Palmer v.Pheils (Aug. 29, 1997), supra, including attorney fees in defense of the suit and in the prosecution of the counterclaim for the breach. However, once appellees obtained a judgment on their counterclaim, the chain of causation between appellants' breach and appellees' expenses was severed. Appellees became judgment creditors and, as such, were entitled to no more consideration than any other judgment creditor. The settlement agreement does not indemnify appellees for the costs of collecting a judgment. As pro se judgment creditors, they would ordinarily be entitled to recover court costs, but not attorney fees.
Accordingly, appellants' third, fourth, and fifth assignments of error are well-taken, as are their seventh, ninth and tenth assignments of error. The record is insufficient to support appellants' sixth, eighth and twelfth assignments of error, which are found not well-taken.
On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to said court for proceedings consistent with this decision. Costs to appellees. Appellants' postargument motion to find appellee Pheils in contempt is not well-taken.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
Peter M. Handwork, J., James R. Sherck, J., and George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] These individuals and the successor to Crandall, Pheils 
Wisniewski, David R. Pheils, Jr., Associates, are appellees herein.
[2] For related proceedings see Pheils v. Palmer (Mar. 19, 1999), Lucas App. No. L-98-1092; State ex rel. Crandall, Pheils Wisniewski v.DeCessna (1995), 73 Ohio St. 180; (1997), 78 Ohio St.3d 1417; Pheils v.Capital Bank, N.A. (May 28, 1993), Lucas App. No. L-92-313; Pheils v.Sheen (Dec. 28, 1992), Delaware App. No. 92CA-E07027.
[3] Dale Crandall claimed $58,460.91. David Pheils, Jr. sought $83,204.51.